Sally Chain Stores, Inc., and Marie H. Mudra, Plaintiffs, v. Ace Bonded Carriers, Inc., and Weinig Fur Company, Defendants.
Ace Bonded Carriers, Inc., Appellee, v. Home Fire and Marine Insurance Company of California, Appellant.

Gen. No. 41,525.

Opinion filed December 30, 1940.

IRVING J. SIEGAL, of Chicago, for appellant.

RINGER, REINWALD & SOSTRIN, of Chicago, for appellee; PHILIP E. RINGER, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Sally Chain Stores, Inc., a corporation, and Marie H. Mudra, plaintiffs, sued Ace Bonded Carriers, Inc., a corporation, and Weinig Fur Co., defendants, to recover damages for loss of merchandise while in the custody of Ace Bonded Carriers, Inc. The latter filed a claim, under section 25 of the Civil Practice Act (sec. 25, par. 149, ch. 110, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.205]), against Home Fire & Marine Insurance Company of California, in which it alleges that the loss was covered by a policy issued to it by that Company. The several issues were submitted to a jury, who returned three verdicts, one finding the issues against Ace Bonded Carriers, Inc. (hereinafter called cross-plaintiff), and assessing plaintiff Marie H. Mudra's damages at the sum of $250; a second verdict, finding the issues against cross-plaintiff and assessing the damages of plaintiff Sally Chain Stores, Inc., a corporation, at the sum of $446.55; a third verdict, finding the issues against Home Fire & Marine Insurance Company of California (hereinafter called cross-defendant) and assessing the damages of cross-plaintiff, on the claim against said cross-defendant, in the sum of $696.55. Judgment was entered upon the three verdicts. The only verdict appealed from is the last mentioned one.

In its answer cross-defendant (appellant) admitted issuing the policy of insurance to cross-plaintiff (appellee). The material part of the answer is as follows:

"(6) That the said policy of insurance between this defendant and the Ace Bonded Carriers, Inc., contains the following provisions:

"'It is further understood and agreed that this policy does not cover theft *from* automobiles or trucks when left unattended, unless such automobile or truck is equipped with a fully enclosed body, all windows

and doors of which shall have been securely locked at the time of such loss and there be visible evidence of violent or forcible entry.' [Italics ours.] That the said Ace Bonded Carriers, Inc., through its agents, servants and employees wholly failed and neglected to comply with the said terms of said policy.

"(7) That the said Ace Bonded Carriers, Inc., by its agents, servants and employees failed and neglected to comply by locking said vehicle from which the alleged loss occurred, but on the contrary left said automobile unattended and unlocked; that the windows and doors of said vehicle were left open and unlocked; that said vehicle was left unattended and with its engine running and that the ignition key was in the lock of said vehicle and the ignition was unlocked.

"(8) That if any loss occurred, it was through the negligence of the Ace Bonded Carriers, Inc., and that this defendant is not in any manner responsible for said alleged loss."

Cross-defendant concedes that "the policy was issued to indemnify them [cross-plaintiff] for losses of merchandise, arising, among other things, from theft," but it relies upon the following provision in the policy to defeat the claim of cross-plaintiff:

"It is understood and agreed that this policy is extended to cover the risks of:

"(a) Holdup (meaning direct loss or damage caused by the felonious and forcible taking of property insured hereunder by violence inflicted upon the custodian or custodians in the actual care and custody of the property at the time, or by putting such custodian or custodians in fear of violence.

"(b) Theft of an entire shipping package but excluding all pilferage and theft by any person or persons in the service or employment of the assured whether or not the theft occurs during the hours of such service or employment. It is further understood and agreed that this policy does not cover theft *from*

automobiles or trucks when left unattended unless such automobile or truck is equipped with a fully enclosed body, all windows and doors of which shall have been securely locked at the time of such loss and there be visible evidence of violent or forcible entry." (Italics ours.)

That cross-plaintiff suffered the loss claimed through theft at the time and place in question is not controverted. Cross-defendant contends that the court erred in denying its motion for a directed verdict at the conclusion of all the evidence, in denying its motion for a new trial, and in denying its motion for judgment *non obstante veredicto*. Cross-defendant also claims that the court erred in giving to the jury, upon motion of cross-plaintiff, the following instruction: "The court instructs the jury that if they believe from the evidence that the packages involved in the within suit were in the automobile of the Ace Bonded Carriers, Inc., when the automobile was stolen, that it is wholly immaterial whether the automobile was left unattended, whether the windows and doors were locked at the time, or whether there was visible evidence of forcible entry into the automobile." Cross-defendant also claims that the court erred in refusing to give, upon its motion, the following instructions: "The Court instructs the Jury that regardless of the fact that you may find the issues in favor of the plaintiffs against the Ace Bonded Carriers, Inc., nevertheless, if the evidence shows that the Ace Bonded Carriers, Inc., had failed to comply with the terms of the policy of insurance issued by the defendant, Home Fire & Marine Insurance Company, in leaving the truck unattended and unlocked, or that said truck failed to show visible evidence of violent or forcible entry, as defined in the policy of insurance, then you will have no cause to consider the question of damages as to the defendant, Home Fire & Marine Insurance Co., and your verdict should be in its favor." "The

Court instructs the Jury that if you find from the evidence that an examination of the automobile truck after the loss failed to show any visible evidence of violent or forcible entry as defined in the policy of insurance issued by the defendant, Home Fire & Marine Insurance Co., then and in that event your verdict should be finding the issues in favor of the defendant, Home Fire & Marine Insurance Co.''

Peter Abruzzo, the driver of the automobile, a 1929 Chevrolet sedan, testified that on November 30, 1937, he had packages in the rear compartment of the automobile; that about 7 p. m. he parked the automobile at the northwest corner of Cuyler and 22d streets, in Berwyn, Illinois, and entered the store of Sally Chain Stores, Inc., to make a delivery; that between stops he kept the two rear doors of the automobile locked, and that when he stopped to make the delivery in question he got out of the automobile through the left front door, went around to the right side of the automobile and opened the right front door, reached in and took out from the rear the packages that were to be delivered to Sally Chain Stores, Inc., then reached across the car and locked the left front door, and then closed the right front door and locked it; that he then went into the store to make his delivery and that when he came out of the store, about five minutes later, the automobile was missing; that he immediately went to the police station and notified the police that the car had been stolen; that the automobile was found later, but the packages that were contained therein when he went into the store, including the packages which form the subject matter of the claim of cross-plaintiff, were missing. Upon cross-examination the witness testified that when the automobile was recovered there was a key in the ignition; that when he got out of the car to deliver the package the motor was left running; that

he locked all of the doors of the automobile by setting the catch on the inside and without using his key; that the automobile was not a truck with the sides enclosed, but had glass windows on the side so that the packages could be seen from the outside by looking through the windows; that he believes that he was able to lock the doors of the car from the outside by setting the catch from the inside, holding the handle down and slamming the door; that a few days after the car was recovered he noticed that the handle was broken on one of the doors; that he does not know when it was broken but that he had never noticed that the handle was broken until after the car was recovered; that Peter Schoenberg, adjuster for cross-defendant, came to the place of business of cross-plaintiff and that he, the witness, went to the adjuster's office of cross-defendant on several occasions and told the adjuster the same facts that he has testified to; that the adjuster prepared a written statement, which he read and signed; that he believes that he signed several statements.

For cross-defendant, Peter M. Schoenberg testified that he was an adjuster and that on December 1, 1937, he investigated the loss in question on its behalf; that he interviewed Peter Abruzzo on that day and inspected the automobile; that he found no marks on the body, windows or doors of the automobile which would indicate a forcible entry. Over the objection of cross-plaintiff the witness was permitted to testify that a 1929 Chevrolet could not be locked by setting the catch and holding the handle down, as testified to by Abruzzo, and that the fourth door could only be locked with a key. Upon cross-examination the witness testified that he had Abruzzo come to his office three or four times and that he took several statements from him. Over the objection of cross-plaintiff

the statement signed by Abruzzo was admitted in evidence. It reads as follows:

"County of Cook ⎱ ss
  State of Illinois ⎰

"Peter Abruzzo, age 28 first being duly sworn deposes & says that on Nov. 30th 1937 at about 7 P. M. he parked his 1929 Chevrolet Sedan at Northwest corner of Cuyler & 22nd St. and went into the store of Sally's Frocks to make a delivery and returned to his car about 3 minutes later to find that the above described car had been stolen with the six individual packages inside, 4 packages were for the Sally's Frocks shops at different locations, 1 package was a fur coat to be delivered to 3139 Cermak Rd and the other package was a pick up of a fur coat for Kramer Fur Co. Loss was immediately reported to Police of Berwyn, Ill. Squad car of Police responded & took me to the Berwyn Police Dept. and broadcast a message for the recovery of the car and about 9 P. M. the car was recovered with the contents missing. Inspection discloses no broken locks or broken parts of the automobile to permit entry thereto and the key was left in the ignition at all times. When the car was recovered by the police the Right Front door lock was unlocked and the windows open and no evidence of forcible entry to the car. Further deponent sayeth not.

"Peter Abruzzo

"Subscribed & sworn to before me this 1st day of Dec 1937.

"P. M. Schoenberg"

The objection of cross-plaintiff to the admission of the statement should have been sustained. If it contained statements contradictory to the evidence given by Abruzzo upon the trial the proper practice was for cross-defendant to ask Abruzzo if he had not in the written statement made certain statements, and if he admitted making them the written statement would not be admissible. If he denied that he made them and

it appeared from the written statement that he had made them and that they were contradictory to his testimony upon the trial, cross-defendant would then have the right to show by way of impeachment the contradictory statements. But in our view of this appeal it is wholly immaterial whether the automobile was left unattended, whether the windows and doors were locked at the time, or whether there was visible evidence of forcible entry into the automobile. In our judgment the material facts of this case do not bring it within the scope of the exception relied upon by cross-defendant. The theft of the packages involved in the instant action occurred when the thief drove the automobile from the place where it had been parked, and under the circumstances the theft was not a theft *from* an automobile. The provision in question was not intended to apply to a case where the thief drove away with an automobile and its contents, but it was intended to apply to a case where a thief took a package or packages *from* an automobile or truck while it was standing unattended at a place of delivery and where the automobile or truck was not "equipped with a fully enclosed body, all windows and doors of which shall have been securely locked at the time of such loss and there be visible evidence of violent or forcible entry." Policies of insurance are to be liberally construed in favor of the insured, and where there is any ambiguity in the policy the rule is that all provisions, conditions or exceptions which in any way tend to limit or defeat liability thereunder should be construed most favorably to the insured. (See *Ziolkowski v. Continental Casualty Co.*, 365 Ill. 594, 603.) Certainly it cannot be reasonably argued that the provision in question clearly supports cross-defendant's interpretation of it. If cross-defendant had intended that the policy should not cover a case like the instant one it would have been an easy matter for it to insert a provision that would have plainly covered the type of theft present in the instant case.

If we are correct in holding, as we do, that cross-plaintiff, under the material facts, was entitled to recover under the policy in question, it follows that there is no merit in the errors assigned.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

FRIEND, P. J., and JOHN J. SULLIVAN, J., concur.