Matthias, J.
 

 The group life insurance policy involved in this action, issued to The Gwinn Milling Company, effective March 31, 1925, was renewable annually upon the payment of the stipulated premium. On April 2, 1929, one Welsh, an employee theretofore covered by such group policy, died. Premiums had been paid by The Gwinn Milling Company annually to March 31, 1929. The premium for the policy year April 1,1929, to March 31,1930, had allegedly not been paid.
 

 The Gwinn Milling Company, having become the assignee of the Welsh certificate issued' under such policy, demanded payment of $2,500, the amount specified in such certificate, which was refused by the insurance company upon the ground that the policy was not in force by reason of the fact that the death of Welsh occurred subsequent to the expiration of the policy.
 

 The Gwinn Milling Company, as assignee of the cetx tificate covering the life of Welsh, thereupon, on February 13, 1933, instituted an action wherein it sought to recover from the insurance company the sum of
 
 *515
 
 $2,500, the full face .value of the certificate. Under the * issue made it seems quite clear that the only question submitted and therefore the only question decided was whether the policy was in force and effect during the grace period, which question the court answered in the affirmative and held the insurance company liable for the amount called for by the Welsh certificate, less the annual premium. The decision of the court was based upon the following provision of the policy:
 

 ‘ ‘ A grace of thirty-one days, without interest, during which this policy shall remain in force, will be granted for the payment of premiums or regular' installments thereof, after the first. ’ ’
 

 In the instant case the question is not whether the policy was in effect on April 2, 1929, which admittedly was during the grace period of the policy year of April 1, 1929, to March 31, 1930. That was the real issue in the Welsh case and was there decided.
 

 The employee covered by the certificate involved in the present action died on or about December 9, 1929. The question presented in this case, the determination of which is decisive of the issue herein, is whether the group insurance policy' was in force and effect at the time of the death of certificate-holder Othneil E. Gwinn, which was seven months subsequent to the expiration of the grace period allowed for the payment of the premium for that .policy year.
 

 It is contended by the plaintiff that by the judgment in the case of
 
 The Gwinn Milling Company
 
 v.
 
 The John Hancock Mutual Life Insurance Company
 
 it was con-’ clusively determined and adjudicated that the premium for the policy year ending March 31, 1930,' had been paid. That action had been brought to recover upon the certificate under the group policy covering Welsh, an employee of The Gwinn Milling Company, whose death concededly had occurred within the grace period following the expiration of a policy year for which 'the
 
 *516
 
 insurance premium on the group policy, upon which the certificate was based, admittedly had been paid. The suit was instituted and maintained by The Gwinn Milling Company as assignee of the Welsh certificate.
 

 The present action was brought by Clarence E. Gwinn as assignee of the certificate of Othneil E. Gwinn, whose death occurred on or about December 9, 1929, seven months subsequent to the termination of tlae grace period. The question whether the premium for the year ending March 31, 1930, had been paid was in nowise involved in the Welsh case. Indeed, it was conceded it had not been paid and it was left for the court to determine only whether under the provisions of the policy the insurance company was liable upon the Welsh certificate when the death of the certificate-holder occurred subsequent to the termination of the policy year for which premium had been paid but during the grace period allowed for the payment of the premium for the following year. The judgment in the Welsh case could bind the defendant no further than such judgment was determinative of the issues in that case. The defendant had not therein made a claim for such premium or asserted its right thereto. It asserted no right of deduction of premium from the amount claimed to be due ’on the Welsh certificate. Its contention was that it had no liability whatever by reason of failure to pay the premium when due and the indicated decision of The Gwinn Milling Company to discontinue the policy. That was the issue.
 

 It seems clear, therefore, that the doctrine of
 
 res judicata
 
 has no application here and that the sole question to be now determined is whether the policy premium for the year ending March 31, 1930, was in fact paid.
 

 Though The Gwinn Milling Company on April 16, 1929, notified the insurance company of its claim as assignee of the Welsh certificate, the validity of such
 
 *517
 
 assignment was challenged by the beneficiary under the Welsh certificate, who brought suit to secure a decree of cancellation thereof April 27, 1929, in which action the insurance company was made a party That suit resulted in a finding and judgment sustaining the validity of such assignment July 16, 1930. .
 

 The Gwinn Milling Company, as assignee of the Welsh certificate, then instituted its action against the insurance company on February 13, 1933, wherein it claimed and sought judgment for the sum of $2,500 payable under such certificate upon the death of Welsh. The claim of the plaintiff was predicated upon the theory, as stated in its amended petition in the Welsh case, that “No payment has been made under said group policy for insurance subsequent to the thirty-first day of March, 1929, but the grace period, during which it was agreed in the policy that the same should ■remain in force, as aforesaid, did not expire until the second day of May, 1929, and after the death of said Edwin A. Welsh.”
 

 That suit was brought'nearly four years subsequent to the due date of the premium for the year ending March 31,1930. It is expressly stipulated that “At no time during the month of April, 1929, did The Gwinn Milling Company request or direct defendant to credit or apply any part of said claimed amount of $2,500 to the payment of premium for said policy numbered 23G for the year following March 31, 1929, and at no time did the defendant pay or offer to pay to The Gwinn Milling Company said $2,500 or such amount less the amount required to pay the premium for the year following March 31, 1929.”
 

 The record discloses no timely tender of the premium for that year or even an indication of a purpose or desire of the holder of the group policy to continue it for the policy year ending March 31, 1930. No such intention or desire was indicated, as disclosed by the record,
 
 *518
 
 until May 1, 1934, when, in an amended petition then filed, the plaintiff therein stated: “It [The Gwinn Milling Company] is willing to allow a credit on the 42,500, before mentioned, of the snm of $1,208.46 as of the 16th day of April, 1929,” and accordingly prayed for judgment for $1,291.54 instead of $2,500 as theretofore.
 

 The contention could not be maintained that the mere tender of payment of premium subsequent to the expiration of the grace period could have the effect of renewing or resurrecting a policy which, under its very terms, had ceased to exist. The right to renew the policy in question and the means and method of effecting such renewal are determined by its provisions. The contract expressly provides:
 

 ‘ ‘ This policy may be renewed from year to year for a further term of one year upon the payment, within the days of grace, of the premium for the amount of insurance as renewed.”
 

 Such was the requirement upon the part of The Gwinn Milling Company if it desired to renew its policy for the year ending March 31, 1930.
 

 The fact should be emphasized that the capacity of The Gwinn Milling Company in the Welsh case was not that of the holder of the group policy, but only that of an assignee of a certificate issued to one of its employees under that policy. The owner of such certificate was under no obligation whatever to pay the renewal premium required to keep the policy in force, and The Gwinn Milling Company, as such assignee, assumed no greater obligation. By virtue of the assignment of the certificate it became vested with the same rights and charged with the same duties and obligations, and no other, as the beneficiary named in the assigned certificate.
 

 The insurance company, under the terms of the policy and under the provisions of Section 9420 (2), Gen
 
 *519
 
 eral Code, is authorized to deduct the premium due from the face amount of the policy where the insured dies within the grace period. That, however, is a right and not an obligation of the insurance company; a right which it is not required to exercise and cannot be thus forced into a renewal of its group policy for the benefit of many other certificate-holders thereunder by the voluntary ds%iction of the premium from the amount claimed by it, particularly where such deduction is proposed or tendered subsequent to the expiration of the grace period.
 

 The right of The Gwinn Milling Company as assignee to payment of the sum due under the Wel^h certificate was in controversy until July, 1930, when the case involving the validity of assignment of that certificate was terminated by a decision of the Common Pleas Court. It does not appear how it would have been possible for The G-winn Milling Company as the insuring employer to take credit for and charge the insurance company with having received a payment of premium out of money claimed by Mrs. Welsh, the named beneficiary. It was not judicially determined that The Gwinn Milling Company was entitled to such fund until long subsequent to the date when payment of premium was required in order to renew the policy. As heretofore noted, a desire to renew the group policy, even by a deduction of the premium from the amount claimed by The Gwinn Milling Company as assignee of the Welsh certificate, was not indicated by such company until after the death of Othneil Gwinn, which was long subsequent to the expiration of the policy year for which the premium had been paid.
 

 Would anyone contend that, had such certificate not been assigned by Mrs. Welsh, the beneficiary, the insurance company would have been permitted to deduct the entire premium of the group insurance policy from the amount due her upon such certificate, particularlv
 
 *520
 
 when there had been no election or desire indicated within the grace period by the insuring employer to renew the group insurance policy for another year?
 

 Whatever the obligation of the insurance company at the termination of the policy year for which the premium had been paid, it was under no contractual obligation or legal requirement to accept the premium subsequent to the time for the payment thereof stipulated in the policy, and certainly The Gwinn Milling Company could not thereafter, by any action of its own, renew the policy without the consent of the insurance company. It could not have required acceptance of the premium if tendered; nor could it properly credit itself with the payment of the renewal premium by the ingenious device of voluntarily reducing the amount claimed by it, in an action pending against the insurance company, long after the renewal premium was due. For like reason, the judgment for a reduced amount does not constitute a payment within the express conditions of the policy. Such attempted reduction and the credit claimed thereby over five years after the renewal premium was due was a purely voluntary, self-serving action on the part of The Gwinn Milling-Company. ' Having- made such reduction in its demand, the court could not properly render judgment for more than claimed in the amended petition; but such judgment, though in its terms apparently allowing credit for the premium, cannot serve to amend ,or modify the provisions of the insurance contract. Under its express terms the policy was not in force subsequent to the termination of the grace period for the policy year ending March 31, 1930, and therefore the certificate covering the life of Othneil Gwinn was not in effect at the time of his death on or about December 9, 1929.
 

 
 *521
 
 We are in full accord with the conclusions reached by the Court of Appeals. Its judgment is accordingly affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Williams and Turner, JJ., concur.