SECURITY FINANCE CO., APPELLANT, *v.* AETNA INS. CO. ET AL., APPELLEES.

[Cite as Security Finance Co. v. Aetna Ins. Co. (1971), 26 Ohio St. 2d 135.]

136

*Messrs. Steer, Strauss, White & Tobias* and *Mr. Charles H. Tobias, Jr.,* for appellant.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. David W. Peck,* for appellees.

CORRIGAN, J.  The desideratum of the parties to the impasse raised by these insurance contracts requires our judicial answer as to whether the exclusionary provisions contained in the policies preclude recovery by plaintiff under the facts of this case.

It is clear that the exclusionary clause in question was intended, under certain conditions, to relieve defendants from liability where the operator of the vehicle used in transporting the coins leaves the vehicle unattended. It is likewise clear that if the theft of the coins from the vehicle had occurred in the parking lot where plaintiff's agent parked it, the exclusionary clause would apply and plaintiff could not recover as there were no visible marks of forcible entry.

Here, however, the theft of the coins did not occur from the vehicle in the parking lot, where the vehicle had been left locked and unattended by the insured's agent, but the theft occurred at the time the vehicle with its contents was stolen from the parking lot.

Plaintiff urges that under such circumstances the exclusionary clause is inapplicable. It is argued on plaintiff's behalf that the theft of the coins occurred when the vehicle was removed from the parking lot and that the "theft of an automobile together with its contents does not amount to the theft of the contents 'from the vehicle' within the language of" the exclusionary clause. Stated differently, it is plaintiff's position that since at the time the vehicle was stolen "the coins remained *in* the automo-

bile they could not be deemed to be within an exclusion of theft *'from'* the vehicle.''

On this point plaintiff relies on the case of *Sally Chain Stores* v. *Ace Bonded Carriers* (1940), 307 Ill. App. 644, 30 N. E. 2d 966, which involved an exclusionary provision similar to the one in question here, and in which the vehicle was stolen along with its contents. The court there found the exclusion to be inapplicable, stating, at page 651:

''In our judgment the material facts of this case do not bring it within the scope of the exception * * *. The theft of the packages involved in the instant action occurred when the thief drove the automobile from the place where it had been parked, and under the circumstances the theft was not a theft *from* an automobile. The provision in question was not intended to apply to a case where the thief drove away with an automobile and its contents, but it was intended to apply to a case where a thief took a package or packages *from* an automobile or truck while it was standing unattended at a place of delivery * * *.''

A contrary interpretation of such an exclusionary clause is found in *Gorman & Sons* v. *American Surety Co.* (1965), 99 R. I. 177, 206 A. 2d 460, where the court, on similar facts, gave such clause a broader interpretation and specifically disapproved of the holding in *Sally Chain Stores*. The court there stated, at page 179, that no significance should be attached ''* * * to whether the theft of the insured property preceded or followed that of the automobile * * *.''

At this point, it is apposite to bear in mind that in construing provisions of insurance policies a court must resolve ''any doubts arising from the language used'' in favor of the insured and that ''* * * if the words used in the policy bear more than one reasonable meaning, they should be interpreted liberally in favor of'' the insured. *Munchick* v. *Fidelity & Casualty Co.* (1965), 2 Ohio St. 2d 303, 305.

The holdings in the *Sally Chain Stores* and *Gorman*

cases illustrate that in the circumstances presented here such exclusionary clauses are susceptible of different interpretations. We are of the opinion, however, that, under the wording of the exclusion itself, the reasoning of the *Sally Chain Stores* case is the more persuasive.

The exclusionary clause states that it applies where property is stolen *from* the vehicle. Here, plaintiff's property was stolen at the time the thief removed the vehicle from the parking lot. Nothing is said in the exclusionary clause about theft of the vehicle itself, and if it were intended that the exclusion should apply where the vehicle itself is stolen, then specific language so extending application of the exclusion could have been incorporated in the policies.

In speaking of ''exceptions, qualifications and exemptions'' contained in insurance policies, this court, in *Home Indemnity Co.* v. *Plymouth* (1945), 146 Ohio St. 96, said, that where such conditions are introduced into an insurance contract ''a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof.'' We therefore conclude that, in the absence of specific language in the exclusionary clause extending its operation to theft of the vehicle, the exclusionary clause relieving the insurer from liability for theft *from* the vehicle does not relieve the insurer from liability for theft of the property where the vehicle, including the property contained therein, is itself stolen.

The judgment of the Court of Appeals is reversed and cause is remanded for further proceedings according to law.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, STERN and LEACH, JJ., concur.

Duncan, J. dissents.