**Universal Coffee Company, Inc., Appellee, v. The American Insurance Company, Appellant.**

**Gen. No. 46,456.**

First District, Second Division.

March 8, 1955.

Rehearing denied April 20, 1955.

Released for publication April 20, 1955.

Tenney, Sherman, Bentley & Guthrie, of Chicago, for appellant; John P. Forester, of Chicago, of counsel.

Seidner & Seidner, of Chicago, for appellee; Emmanuel John Seidner, of Chicago, of counsel.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment in favor of plaintiff for the value of stolen merchandise. The issue centers on the construction of an insurance policy. The policy insured merchandise in the course of delivery against the hazards of fire, flood, collision, overturning of vehicle, collapse of bridges, etc., tornado, cyclone or windstorm. By an endorsement or rider attached to the policy a provision was added insuring against the following:

"Theft of an entire package (excluding all pilferage) directly resulting from violent forcible entry into vehicles equipped with bodies of entirely closed construction provided the doors and other openings of such vehicles were closed and locked when the forcible entry and theft occurred.

"It is agreed, however, that this Company shall not be liable for loss or damage by theft by any person or persons in the assured's service or employment, whether the theft occurred during the hours of such service or employment or not."

The loss occurred as the result of a theft. On the occasion in question the driver of plaintiff's truck turned off the ignition and got out of the truck, but did not lock the cab door. He went ˙ to a restaurant and

when he returned, the truck was missing. Upon being located, it was found that the rear panel door lock had been broken open and the contents of the truck removed. It is for the value of these contents that plaintiff sued and obtained judgment.

 To sustain the judgment, plaintiff argues that the provisions of an insurance policy are not the product of negotiations, but are written by the insurance company and should accordingly be construed liberally in favor of plaintiff. This court has frequently so held. There must, however, be some occasion for the court to interpret a contract before it invokes those rules upon which plaintiff relies. In the instant case the only insuring provision covering theft is for a theft directly resulting from violent forcible entry into vehicles—providing the doors and other openings are locked when the forcible entry and theft occurs. Certainly, the truck was a vehicle and one of its doors was not closed. Unless one does violence to the English language, it is impossible to find a basis for sustaining the judgment.

However, counsel for plaintiff has urged upon us that Sally Chain Stores, Inc. v. Ace Bonded Carriers, Inc., 307 Ill. App. 644, is a controlling precedent and that there is no distinction between that case and the instant one. The theft in that case occurred from what counsel for appellant called an "unattended truck with an unlocked cab." From the opinion it appears that it was a sedan used as a delivery car. The driver testified that he had packages in the rear compartment of the automobile. He apparently was referring to another portion of the body of the car. In any event, the automobile was stolen and the goods removed. The insuring provision of the policy covered theft of an entire shipping package, excepting theft by employees. An exclusionary clause then provided that the policy should not cover "theft *from* automobiles or trucks when left unattended, unless such automobile or truck

321

is equipped with a fully enclosed body, all windows and doors of which shall have been securely locked . . . ." The court in its opinion in that case emphasized the fact that the exclusionary provision in question referred to theft *"from* automobiles." If the theft was not one from an automobile, it was then covered by the general insuring provision. The court held that it was not a theft *"from"* an automobile. It is also to be noted that while the provision in the Sally Chain Stores case referred to the *body,* in the instant case it was required that the doors and other openings of the *vehicle* were to be closed, which it appears to us is broader language.

█ Counsel argue the injustice of permitting insurance companies to sell insurance to people who do not read the policies but take for granted they cover the risks they want covered and which perhaps an insurance agent described to them in general terms. All this is true and courts have taken it into account in cases where language is vague or misleading. In the instant case, however, the provision contained in the body of the instrument insures against risks other than theft, and theft is only included in a rider in which the highly qualified character of the theft risk boldly appears. Judge Learned Hand in Barclay v. Wabash Ry. Co., 30 F.2d 260, eloquently expressed the problem thus:

"Courts must not be blind, but the correction of possible injustices may come at too high a price. Words are illusive enough at best, but, when all is said,.they are the only means of communication we have. On the loyalty of their interpretation more in the end depends than on our power to right such wrongs as results from their inconsiderate use."

In the instant case even the general plea for justice cogently urged by counsel is not well grounded. There is no good reason why an insured and insurer, for a consideration representing the value of a qualified risk,

should not be permitted to contract as in the instant case.

Judgment reversed.

McCORMICK, P. J. and ROBSON, J., concur.