INLAND CONSTRUCTION COMPANY, INC., Plaintiff-Appellant, *v.* THE HOME INDEMNITY COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 82—1167

Opinion filed March 31, 1983.

Wildman, Harrold, Allen & Dixon, of Chicago (James A. Christman and Kathy Pinkstaff Saxton, of counsel), for appellant.

Sandra Young and Edward C. Purcell, both of Purcell & Wardrope, Chartered, of Chicago, for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

Inland Construction Company, Inc. (Inland), filed a declaratory judgment action against Home Indemnity Co. (Home). Inland alleged that under the terms of the Home liability policy, Inland was entitled to full coverage in a personal injury action filed by Andrew Ratkovich. Home filed a "Motion for Judgment on the Pleadings in Lieu of Answer" alleging that endorsement No. 9 of the policy specifically excluded insurance coverage for the underlying Ratkovich action. Inland contended that the endorsement was ambiguous and created a factual issue. The trial court entered judgment on the pleadings in favor of Home and against Inland.

Endorsement No. 9 reads as follows:

"The coverage provided by this policy shall not apply [*sic*] work performed by the Insured at the following *job sites*:

1. Marban-Water Tower Place
2. Bloomingdale Venture

3. Fox Valley Venture-Aurora Shopping Center

4. *Orland Park Venture-Orland Park Shopping Center.*" (Emphasis added.)

It is not disputed that Ratkovich was injured at the "Sears construction site" in the "Orland Park Shopping Center." The dispute revolves around the particular wording of the policy, "Orland Park Venture-Orland Park Shopping Center." Home interprets the language as being unlimited, thereby excluding Inland from coverage for all injuries occurring at job sites in the Orland Park Shopping Center. Inland's interpretation is more limited, only excluding Inland from coverage for those injuries in the Orland Park Shopping Center which occur at a job site that is part of the Orland Park Venture. Inland in responding to Home's motion for judgment alleged that although Inland was indeed constructing a Sears store at the Orland Park Shopping Center, neither Sears nor Inland were members of the Orland Park Venture during this construction. Consequently, since the exclusion only applies to job sites involving the Orland Park Venture, and the Orland Park Venture is not involved, Inland is not excluded from coverage.

A contract is ambiguous when .the language used is reasonably susceptible of more than one meaning. (*Whiting Stoker Co. v. Chicago Stoker Corp.* (7th Cir. 1948), 171 F.2d 248; *St. Joseph Data Service, Inc. v. Thomas Jefferson Life Insurance Co. of America* (1979), 73 Ill. App. 3d 935, 393 N.E.2d 611.) It is the function of the court to determine whether the language has more than one meaning and therefore an ambiguity exists. (*URS Corp. v. Ash* (1981), 101 Ill. App. 3d 229, 427 N.E.2d 1295; *National Tea Co. v. American National Bank & Trust Co.* (1981), 100 Ill. App. 3d 1046, 427 N.E.2d 806.) When the terms of a contract are ambiguous, extrinsic evidence must be introduced to explain the language and resolve the ambiguity. (*Kokinis v. Kotrich* (1979), 74 Ill. App. 3d 224, 392 N.E.2d 697.) We believe that Inland's interpretation is reasonable and has raised the issue of an ambiguity which can only be resolved by the introduction of extrinsic evidence. Therefore, the court was in error in entering judgment in favor of Home on the pleadings.

For the above reasons the judgment on the pleadings is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

ROMITI, P.J., and LINN, J., concur.