ZURICH MIDWEST, INC., Plaintiff-Appellant, v. ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant-Appellee.

First District (5th Division)   No. 86—0615

Opinion filed August 14, 1987.

Deborah M. Jervis and George B. Collins, both of Collins & Uscian, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Timothy J. Reagan, Mayer Goldberg, and Lisa Marco Kouba, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order entered February 27, 1986, which granted defendant's motion for summary judgment. The sole issue raised by this appeal is whether the "unattended vehicle" exclusion contained in the insurance policy is ambiguous so as to preclude summary judgment.

We affirm.

Zurich Midwest, Inc., is a corporation engaged in the business of buying and selling gold jewelry. On February 11, 1985, Zurich obtained from St. Paul Fire & Marine Insurance Co. a standard "Jeweler's Block" insurance policy. The policy provided coverage for Zurich's place of business and for property in the custody of salespeople away from the premises. Leon Gutman was one of the Zurich salesmen covered by the policy.

On March 26, 1985, Gutman travelled through Northern Illinois and Wisconsin, making various stops along the way to call on customers. He had two suitcases containing jewelry locked in the trunk of his car. After his last stop in Wisconsin, Gutman made a brief stop at a doughnut store with windows which were wide open and without curtains. He stayed within approximately 40 feet of his locked car and his car was out of sight for less than one minute, while he used the restroom. Gutman walked out of the restaurant, checked the trunk of his car and discovered that his trunk lock had a hole in it and that the suitcases of jewelry had been stolen.

Zurich's theft insurance policy which was issued by St. Paul was in effect on the date of the loss; however, St. Paul rejected Zurich's proof of loss and request for payment for the loss.

OPINION

■ Summary judgment should be granted if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. (*Carruthers v. Christopher* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) Zurich contends that there is an existing material issue of fact as to whether it is entitled to recover the value of the stolen jewelry pursuant to the terms of the insurance policy and,

therefore, summary judgment was improperly granted. We disagree.

In describing the coverage provided, the policy stated:

> *"What this Agreement covers*
>
> We'll insure covered property against all risks of direct physical loss or damage except those listed in the Exclusions-Losses We Won't Cover section."

The "Exclusions-Losses We Won't Cover" section, in turn, stated:

> *"Unattended Vehicle.* We won't cover loss to property while such is left in or on a vehicle unless you, your employee or sales personnel are attending the vehicle at the time of the loss."

The question before this court is whether the term "Unattended Vehicle" is ambiguous.

■ A contract term is ambiguous when it is reasonably capable of having been understood in more senses than one because of indefiniteness of language or expression or due to its having a double or multiple meaning. (*Inland Construction Co. v. Home Indemnity Co.* (1983), 113 Ill. App. 3d 558, 447 N.E.2d 1023.) The mere fact that the parties take divergent views of the meaning of the contract language does not render the agreement ambiguous. *Affronti v. Bodine* (1987), 155 Ill. App. 3d 755, 508 N.E.2d 500.

■ The "Unattended Vehicle" clause in the case at bar is not subject to double or multiple meanings. As defined in Webster's New International Dictionary 2482 (3d ed. 1966), "unattended" means "lacking a guard, escort, caretaker, or other watcher." Here, when Gutman went into the restaurant, albeit with the car securely locked, and lost sight of the car when he went into the washroom, he no longer was attending it. Under these facts, the car was unattended. While there is no Illinois case law specifically addressing this issue, there is ample case law implicitly supporting our definition. (See *Heritage Insurance Co. v. Bucaro* (1981), 101 Ill. App. 3d 919, 428 N.E.2d 979; *Pierce v. Standard Accident Insurance Co.* (1966), 70 Ill. App. 2d 224, 216 N.E.2d 818; *Universal Coffee Co. v. American Insurance Co.* (1955), 5 Ill. App. 2d 319, 125 N.E.2d 643.) Similarly, as stated in *Commercial Coin Co. v. North River Insurance Co.* (1967), 43 Pa. D. & C.2d 268:

> "the use of more restrictive words such as 'actually in or upon' cannot be regarded as providing a reason to interpret 'unattended' as having an unexacting connotation."

We find, therefore, that as a matter of law the car was unattended when Gutman went into the restroom and lost sight of his car. His absence therefore left the car unattended.

■ Next, Zurich asserts that St. Paul's interpretation of the policy amounts to the position that the insurance policy would cover a loss of property in the custody of a salesperson away from the premises only if the salesperson was in or upon the car and a thief forcibly entered the car to steal the jewelry within it. In essence, Zurich maintains that St. Paul issued an insurance policy specifically against robbery, even though the policy never states that is a robbery policy. This interpretation is much too strained to be acceptable and merits no detailed discussion. The policy at issue does not require that property be taken by force and intimidation directly from the insured or its employees. It clearly requires that the car be attended so as to afford some protection to the valuable insured contents.

■ Finally, Zurich contends that the "Jewelers Additional Warranty Endorsement" of the policy overrides the unattended vehicle exclusion because it does not require the salesperson to remain with his car. This contention, however, was not raised in the trial court and is therefore improperly raised on appeal. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872.) Consequently, we will not consider this contention.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.