VELMA BEARD, Plaintiff-Appellee, v. MOUNT CARROLL MUTUAL FIRE INSURANCE COMPANY, Defendant-Appellant.

Fifth District   No. 5—90—0092

Opinion filed August 15, 1990.

Robert M. Hopkins, of Gosnell, Benecki, Borden & Enloe, Ltd., of Lawrenceville, for appellant.

Lawrence Eaton, of Eaton & Eaton, of Newton, for appellee.

JUSTICE WELCH delivered the opinion of the court:

On June 7, 1989, plaintiff, Velma Beard, filed a complaint in the circuit court of Jasper County against defendant, Mount Carroll Mutual Fire Insurance Company. The complaint alleges that defendant had insured plaintiff against loss or damage by fire to a certain rental house and its contents which were, on September 5, 1988, totally destroyed by fire. The limits of the insurance policy were $20,000 for damage to the real estate and $3,000 for damage to the contents. The complaint alleges that the total loss sustained by plaintiff exceeded $23,000, but that no part of the $23,000 had been paid by defendant to plaintiff.

Attached to the complaint is a copy of the policy of insurance. That policy provides, in part:

> "Appraisal. In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.
>
> * * *
>
> Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied

with, and unless commenced within twelve months next after inception of the loss."

On July 11, 1989, defendant filed a motion to dismiss the complaint under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) alleging that defendant had made demand upon plaintiff for appraisal, that plaintiff had refused said demand, and that plaintiff's suit was barred by the foregoing provisions of the insurance policy. On January 11, 1990, defendant filed a motion to compel arbitration and stay court proceedings, arguing that the appraisal provision of the insurance policy is analogous to an arbitration clause which is enforceable, and which the court is empowered to enforce by staying further court proceedings and compelling compliance therewith.

At hearing on the motion on January 11, 1990, the circuit court of Jasper County denied defendant's motion to dismiss and its motion to compel arbitration and stay court proceedings, finding that the appraisal provision of the policy did not apply in the case of a total loss where there was no property left to appraise. This ruling is reflected in a docket entry order which states, "because 'total loss' is claimed, the provision of the policy providing for appraisal and arbitration does not apply under these circumstances." Defendant's notice of appeal was filed on February 8, 1990.

■ Defendant argues initially that this court has jurisdiction over this appeal under Supreme Court Rule 307(a)(1), which provides that an appeal may be taken from an interlocutory order granting, modifying, refusing, dissolving or refusing to dissolve or modify an injunction. (107 Ill. 2d R. 307(a)(1).) Plaintiff does not contest this point, and, in any event, we agree with defendant. The denial of a stay by a trial court is treated as a denial of a request for a preliminary injunction, which is appealable under Rule 307(a)(1). *Allied Contracting Co. v. Bennett* (1982), 110 Ill. App. 3d 310, 311, 442 N.E.2d 326, 327.

■ Defendant next argues that the appraisal clause in the insurance policy is analogous to an arbitration clause, which is enforceable in a court of law and with which a court may compel compliance. We agree. Prior to adoption of the Uniform Arbitration Act (Ill. Rev. Stat. 1989, ch. 10, par. 101 *et seq.*), agreements to submit future or anticipated disputes to arbitration were deemed void as depriving the individual citizen of his right to resort to the courts for the redress of grievances. (*Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 132, 390 N.E.2d 72, 76.) However, the Uniform Arbitration Act now provides that parties may agree to submit a future controversy to arbitration and that such an agreement is valid and enforceable in a court of law.

We see no reason to apply a different policy or different reasoning to an appraisal clause such as the one in the instant contract.

▮▮ Although an appraisal clause does not contain the same procedural aspects as contained in the Uniform Arbitration Act, it is nevertheless an agreement to submit a future controversy to an out-of-court settlement. Such agreements are now deemed valid. Indeed, some cases have treated an appraisal clause similarly to an arbitration clause. In *Hill v. Mercury Record Corp.* (1960), 26 Ill. App. 2d 350, 356, 168 N.E.2d 461, 464, it was held that a binding agreement relating to future controversies may be made requiring that the determination of some fact be made by arbitrators or appraisers as a condition precedent to the bringing of the suit. In *Bailey v. Timpone* (1979), 75 Ill. 2d 539, 389 N.E.2d 1193, an appraisal proceeding was recognized as serving the same purpose as an arbitration proceeding, and was approved of. There, the court stated:

> "The [Uniform Arbitration] Act is not directly applicable since the lease did not technically call for arbitration in that it made no provision for a quasi-judicial determination of any dispute concerning rent on renewal, but called instead for an 'appraisement,' an application of the arbitrators' skill and knowledge to determine the fair cash rental value of the premises. [Citations.] Nonetheless, the salutary purposes for permitting an informal mechanism. to resolve private disputes finally and expeditiously are served here by limiting judicial intercession in the decision of the arbitrators. \*\*\*
>
> \*\*\* Although such agreements may call for less formal proceedings than arbitrations, 'both provide a contractual method for settling questions in a less complicated and expensive manner than through court adjudication. \*\*\* [W]hen as here, parties agree to have value affixed by an appraisal, they must abide by their own agreement \*\*\*.' [Citation.]" (*Bailey*, 75 Ill. 2d at 545-46, 389 N.E.2d at 1196.)

Similarly, in *Grace Evangelical Lutheran Church v. Lutheran Church—Missouri Synod* (1983), 118 Ill. App. 3d 151, 454 N.E.2d 1038, an appraisal proceeding was recognized as a form of arbitration. We thus conclude that the appraisal clause in the insurance policy was valid and enforceable in a court of law.

The next issue before us, then, is whether that clause, although valid and enforceable, applies in the case of a total loss of the insured property, where that property is no longer available to appraise. This question is answered, we think, by construction of the contract.

▮▮▮ An arbitration agreement is construed in the same manner

as any other agreement; however, it must be remembered that courts regard arbitration agreements with favor. (*Schroud v. Van C. Argiris & Co.* (1979), 78 Ill. App. 3d 1092, 1096-97, 398 N.E.2d 103, 106.) A court may resort to rules of construction only where the language of the agreement is ambiguous. (*In re Estate of Chaitlen* (1989), 179 Ill. App. 3d 287, 291, 534 N.E.2d 482, 484.) Where the terms of an agreement are clear and unambiguous, they will be given their natural and ordinary meanings, and the intent of the parties must be determined from the language of the agreement alone. (*Reynolds v. Coleman* (1988), 173 Ill. App. 3d 585, 593, 527 N.E.2d 897, 902.) A contract is ambiguous when it is reasonably capable of being understood in more senses than one because of indefiniteness of language or expression, or due to its having a double or multiple meaning. (*Zurich Midwest, Inc. v. St. Paul Fire & Marine Insurance Co.* (1987), 159 Ill. App. 3d 961, 963, 513 N.E.2d 59, 60.) The mere fact that the parties have different views of the meaning of the contract language does not render the contract ambiguous. *Zurich Midwest, Inc.*, 159 Ill. App. 3d at 963, 513 N.E.2d at 60.

■■ We find no ambiguity in the language of the appraisal clause in the instant insurance policy. The policy provides that plaintiff is insured "to the extent of the actual cash value of the property at the time of loss," but not to exceed the dollar limitation of the policy ($20,000 for real estate; $3,000 for personalty). The appraisal clause provides that, in the event the parties cannot agree on the actual cash value of the property or the amount of loss, appraisers shall be appointed. The appraisers are to appraise the loss, stating separately the actual cash value of the property and the loss. We see nothing in this language which creates an ambiguity or leads us to believe that this procedure was not intended to, or cannot, be followed in the event of a total loss.

We recognize, as did the trial court, that where there has been total destruction of the property, as in the instant case, the appraisal may be made more difficult because there is no property left to view. We do not think, however, that this precludes appraisal. Information as to the value of the property may be obtained by the appraisers from other sources. For example, the owner of the property, as well as its tenant or neighbors, may have knowledge of the condition of the premises prior to the fire. There may be recent photographs of the premises. The appraisers themselves may even have had prior knowledge of the value of the property.

Our decision herein is supported by decisions of other jurisdictions. In *Drescher v. Excelsior Insurance Co.* (D. N.J. 1960), 188 F.

Supp. 158, the United States District Court for the District of New Jersey held that a similar appraisal clause applied in the case of a total loss. The court pointed out that, regardless of whether any property remained to be viewed, that would not affect the giving of evidence by witnesses as to their knowledge of the value of what was destroyed. In *Stout v. Phoenix Assurance Co.* (N.J. 1904), 65 N.J. Eq. 566, 56 A. 691, the court held that a similar appraisal clause would apply to a total loss even though there was no property left to view. The court pointed out that information as to the value of destroyed property may be obtained from previous knowledge of the property by the appraisers themselves, or it may be afforded by a description of the property contained in the proof of loss, or from measurements, plans, photographs, etc. The court stated, "The form of the clause seems to be broad enough to include an appraisement for all loss, for its language is that, in the event of disagreement as to the amount of loss (clearly all the loss), the same shall be ascertained by two competent and disinterested appraisers." 65 N.J. Eq. at 568, 56 A. at 692. See also *Chippewa Lumber Co. v. Phenix Insurance Co.* (Mich. 1890), 44 N.W. 1055.

We find that the appraisal clause does apply in the case of a total loss of the insured property, and that the trial court erred in finding otherwise. We therefore reverse the order of the trial court denying defendant's motion to compel arbitration and stay court proceedings and remand this cause with directions to the circuit court of Jasper County to enter an order compelling plaintiff to comply with the appraisal provisions of the insurance policy and staying further court proceedings pending completion of the appraisal.

■ In her answer brief, plaintiff fails to respond to the arguments raised by defendant, but instead raises different points upon which she asks us to affirm the decision of the trial court. Plaintiff argues that defendant's appraiser is attempting to use an improper measure of damages, *i.e.*, fair market value of the property rather than replacement cost minus depreciation, that defendant has waived its rights under the appraisal provision of the policy by acting in bad faith in insisting on using an improper measure of damages, and that the real dispute between the parties is the proper measure of damage, a dispute which does not fall within the appraisal provision. These arguments were not raised before the trial court, and, although we can affirm the decision of the trial court based on any grounds appearing in the record (*Alexander v. DePaepe* (1986), 148 Ill. App. 3d 831, 836, 499 N.E.2d 1065, 1068), there is insufficient evidence or argument in the record for us to affirm on this basis. In any event, it appears that

the proper measure of damages is a question to be answered, at least initially, by the appraisers and umpire. See *Bailey v. Timpone* (1979), 75 Ill. 2d 539, 389 N.E.2d 1193.

For the foregoing reasons the judgment of the circuit court of Jasper County is reversed and this cause is remanded with directions.

Reversed and remanded with directions.

CHAPMAN and HOWERTON, JJ., concur.