FRANK O. BUTLER II, Plaintiff-Appellee, v. JORIE BUTLER KENT *et al.*, Defendants-Appellants (Coopers and Lybrand, *et al.*, Defendants).

First District (3rd Division)   No. 1—89—2796

Opinion filed March 13, 1991.—Rehearing denied July 29, 1991.

Pope & John, Ltd., of Chicago, for appellants.

Braun & Rivkin, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Jorie Butler Kent and Michael Butler (the Butler defendants) appeal from the trial court's entry of judgment against them in the declaratory judgment action filed by plaintiff, Frank O. Butler II, who sought a declaration that a shareholder agreement permitted him to appoint an appraiser only after the Butler defendants decided to purchase his interest. The Butler defendants argue on appeal that the trial court erred in not finding certain agreements ambiguous and in awarding judgment, attorney fees, and costs in favor of plaintiff.

Plaintiff's complaint alleged that he and the Butler defendants were the children of the deceased Paul Butler and were the shareholders of Village Green Investment Corporation (Village Green), which owned vacant land. On April 10, 1989, plaintiff served written notice of his exercise of a "put" as to Village Green, pursuant to paragraph 1A of the shareholder agreement dated July 28, 1986, which gave the "exercising" shareholder the right to require the other "recipient" shareholders to either purchase the interest of the exercising shareholder or to sell the corporation. Plaintiff also notified the Butler defendants on that date that he intended to bid if they elected to sell Village Green, but the Butler defendants did not inform plaintiff pursuant to paragraph 14 of the shareholder agreement whether they elected to sell Village Green or to purchase plaintiff's interest. Rather, the Butler defendants demanded that plaintiff appoint an appraiser on or before May 10, 1989, prior to their making an election whether to purchase plaintiff's interest.

Plaintiff was unwilling to appoint an appraiser unless and until the Butler defendants elected to purchase his interest.

Defendant Coopers & Lybrand was appointed by the Butler defendants to be their appraiser. Attorneys for Village Green on behalf of the Butler defendants notified plaintiff that he had waived his right to appoint an appraiser, and they directed Coopers & Lybrand to select a second appraiser, which was defendant Lloyd-Thomas/Coats & Burchard Co. Plaintiff alleged that he would be deprived of the important contractual right to select an appraiser and that, if the Butler defendants were allowed to receive the results of the appraisal before making the election, they would obtain the benefit of a "free look" in deciding whether to sell Village Green or to purchase plaintiff's interest. Plaintiff also alleged the serious risk of irreparable injury.

Plaintiff prayed for a judgment declaring that he was not required to appoint an appraiser until either the Butler defendants elected to purchase plaintiff's interest in Village Green or plaintiff was in fact involved in the purchase of the corporation jointly with one of the Butler defendants as described in paragraph 1E of the shareholder agreement. Plaintiff also prayed for a judgment declaring that the selection of an appraiser by the Butler defendants on his behalf and any appraisal were void, and plaintiff requested an award of attorneys fees.

The shareholder agreement was entered into between plaintiff and the Butler defendants concerning the stock of Village Green and the other corporations formed as required by the final distribution and settlement agreement entered into by plaintiff and the Butler defendants in connection with the probate of their father's will. This latter agreement provided that the stock of each of six corporations was to be owned in equal shares by the three children, that the shares would be transferred to a voting trust, that each corporation would have three voting directors, and that the designated representatives of each shareholder would be the voting members of the board of directors of the corporations.

Paragraph seven of the settlement agreement provided that each party would have a put with respect to Village Green and the other corporations within 30 days of the approval by two of the three designated representatives of a proposal for sale or development, provided that the exercising party's designated representative voted against the proposal. The paragraph also provided:

"Any exercise of a put shall be final and irrevocable. *Upon the exercise of a put* by one party, the other two parties

*within 35 days* shall, at their election, either: (1) *purchase* the interest of the exercising party for one-third of the fair market value of the subject Corporation as determined by three independent appraisers with no discount for fractional ownership; *or* (ii) *proceed* forthwith *to sell* a 100% ownership interest in the subject Corporation. \*\*\* If the party exercising the put intends to bid in the event that the subject Corporation or all of its assets will be sold, he or she shall so notify the other two parties at the time of his or her exercising the put and the 35-day response period shall be extended to 120 days." (Emphasis added.)

Reasonable attorney fees would be awarded to any party who prevailed in a suit "to enforce any of the provisions" of the settlement agreement. The agreement was to survive the closing of the estate and was "to serve as the touchstone to determine the intent of the parties should any dispute subsequently develop."

The shareholder agreement stated that it, along with other documents, was "intended to effectuate the purposes and provisions of the Settlement Agreement." Paragraph 1C of the shareholder agreement provided in part:

*"Within 35 days after the exercise of a Put* with respect to any Corporation, the recipient Shareholders shall *inform* the exercising Shareholder in writing *whether they have elected to sell* the Corporation *or to purchase* the exercising Shareholder's interest in the Corporation. If the exercising Shareholder intends to bid in the event they elect to sell the Corporation, he or she shall so notify the recipient Shareholders in the notice of exercise and the 35-day response period shall be extended to 120 days." (Emphasis added.)

Paragraph 1E of the shareholder agreement provided in part:

*"In the event that* the recipient Shareholders *elect to purchase* the exercising Shareholder's interest in the Corporation, the recipient Shareholders and the exercising Shareholder shall each *appoint* an independent *appraiser within 30 days after the exercise of the Put, and* the two appraisers shall jointly *appoint a third* independent *appraiser within 40 days after the exercise of the Put.* \*\*\*

Each appraiser shall make his own *appraisal* of the Fair Market Value of the Corporation *within 60 days after the exercise of the Put."* (Emphasis added.)

The shareholder agreement also provided for the award of attorneys fees and costs to the prevailing party who sued "to enforce any of the provisions."

Michael Butler filed a counterclaim for declaratory judgment and other relief against plaintiff in which he argued that the only interpretation of the shareholder agreement that did not nullify paragraph 1E was that the exercising shareholder would appoint an appraiser within 30 days of the exercise of the put. Count II of the counterclaim alleged plaintiff's breach of the shareholder agreement.

On July 25, 1989, plaintiff filed a motion *in limine* to preclude defendants from introducing parol evidence at the trial on the basis that there was no ambiguity in the shareholder agreement. Kent withdrew her affirmative defenses. On the same date, the trial court dismissed Coopers & Lybrand with prejudice, granted the motion *in limine*, entered judgment in favor of plaintiff on his complaint against the Butler defendants and Lloyd-Thomas/Coats & Burchard Co., and entered judgment against Michael Butler on his counterclaim against plaintiff.

A judgment order was entered July 28, 1989, in conformity with the trial court's oral ruling. The order contained the trial court's findings that: (1) the phrase "in the event" in the first sentence of paragraph 1E of the shareholder agreement was a clear condition precedent requiring the recipient shareholders to first elect to buy out the interest of the exercising shareholder before the commencement of the appraisal process, including the appointment of appraisers set forth in the second paragraph of paragraph 1E; (2) as a consequence, no ambiguity existed concerning whether the recipient shareholders had to first elect to buy out the interest of the exercising shareholder; (3) the Butler defendants admitted in their answers that they had not yet made their election to buy out the interest of plaintiff; and (4) as a consequence of the Butler defendants' nonelection, the time for plaintiff to appoint his appraiser had not commenced, and any appraisal performed in response to the exercise of plaintiff's put rights was done outside of the terms of the shareholder agreement.

In addition, the order stated that: (1) plaintiff was not required to appoint an appraiser until the Butler defendants elected to purchase his interest or until plaintiff was "in fact involved in the purchase" as described in paragraph 1E; (2) any appointment of an appraiser by the Butler defendants in connection with Village Green was void; and (3) plaintiff was entitled pursuant to the shareholder

agreement to the payment of his litigation expenses including his reasonable attorneys fees and costs incurred in the prosecution and defense of this cause. Plaintiff was granted 28 days to file his petition for attorneys fees and costs. The court also found that there was no reason to delay the enforcement or appeal of the order.

On August 28, 1989, defendants filed an emergency motion to disqualify plaintiff's appraiser and an emergency motion for rehearing or clarification and modification of the judgment. Defendants later withdrew their motion to disqualify, and the motion for rehearing was denied. On October 17, 1989, the Butler defendants appealed from the judgment order and the denial of their motion for rehearing. Upon the Butler defendants' motion, the proceedings were stayed pending appeal.

The Butler defendants argue on appeal that the trial court erred in holding that the shareholder agreement was unambiguous because the settlement agreement implicitly requires the appraisal process to begin before the recipient shareholders make their election and because the phrase "in the event" of paragraph 1E of the shareholder agreement was ambiguous as to whether it made the election a condition precedent to the appointment of the appraisers.

■ There is ambiguity if a contract term can reasonably be understood in more than one way. (*Zurich Midwest, Inc. v. St. Paul Fire & Marine Insurance Co.* (1987), 159 Ill. App. 3d 961, 963, 513 N.E.2d 59.) Parol evidence to vary the meaning of contract terms is inadmissible if the terms are clear and unambiguous. *Koester v. Weber, Cohn & Riley, Inc.* (1989), 193 Ill. App. 3d 1045, 1049, 550 N.E.2d 104.

The shareholder agreement was intended to effectuate the settlement agreement. Paragraph seven of the settlement agreement unambiguously requires that the purchase of the exercising shareholder's interest be completed within 35 days. The settlement agreement provides that the purchase price is to be based upon the value of the corporation as determined by three independent appraisers but does not provide explicitly for the timing or method of selection of the appraisers. The parties disagree over whether the shareholder agreement is ambiguous as to whether the appraisers must be selected prior to the recipient shareholders' election. Although the settlement agreement provides that a purchase of the exercising shareholder's interest is to be completed within 35 days, the shareholder agreement contemplates that the purchase of the exercising shareholder's interest could be completed after the 35 days by, for example, providing for the selection of the second and

third appraisers within 40 and 60 days, respectively, of the exercise of the put.

▮ We hold that there is no ambiguity in the shareholder agreement as to whether the appraisers must be selected prior to the election of the recipient shareholders to purchase. The fact that the 40- and 60-day periods specified in the shareholder agreement conflict with the settlement agreement does not render either of the agreements ambiguous on this issue. The phrase "in the event that" of paragraph 1E of the shareholder agreement unambiguously requires an appointment of the first two appraisers only after the recipient shareholders' election to purchase the exercising shareholder's interest. The condition precedent to the appointment of appraisers was a decision by the recipient shareholders to buy the exercising shareholder's one-third interest. Plaintiff was not required to select an appraiser prior to the election. As the Butler defendants have not yet made their election to purchase or to sell, the issue of how many days are permitted to appoint the appraisers in the case of the recipient shareholders' election to purchase is not reached.

▮ The Butler defendants argue that plaintiff did not seek to enforce the agreement but only requested a declaration of his rights so that he was not entitled to an award of attorney fees and costs. An action for a declaratory judgment does not enforce the contractual obligations but only declares rights so that an award of attorney fees and costs is not proper under a contractual provision for such expenses incurred in enforcing obligations under the contract. (*Arrington v. Walter E. Heller International Corp.* (1975), 30 Ill. App. 3d 631, 642, 333 N.E.2d 50.) The award of attorney fees and costs to plaintiff should therefore be reversed.

The judgment of the circuit court is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

RIZZI and WHITE, JJ., concur.