PAUL DeGROOT, d/b/a DeGroot Vegetable Farms, Plaintiff-Appellee, v. FARMERS MUTUAL HAIL INSURANCE COMPANY OF IOWA, Defendant-Appellant.

Third District  No. 3—94—0286

Opinion filed December 8, 1994.—Rehearing denied January 10, 1995.

Robert W. Boyd and J. Dennis Marek, both of Ackman, Marek, Boyd & Simutis, of Kankakee, for appellant.

Roger C. Elliott, of Elliott & McClure, of Momence, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Paul DeGroot, brought suit against the defendant, Farmers Mutual Hail Insurance Company, seeking redress for damage sustained to his vegetable crop which was covered under a policy of insurance issued by the defendant. The defendant moved to dismiss on the basis that the policy's appraisal remedy was binding upon the parties. The trial court denied the defendant's motion, and the defendants filed this appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308). We affirm.

The plaintiff purchased hail insurance from the defendant for the 1993 growing season. The policy contained various paragraphs entitled, *inter alia*, "Requirements in Case Loss Occurs," "Appraisal," and "Suit." Under the heading "Appraisal," the policy stated:

> "In case the Insured and this Company shall fail to agree as to the amount of loss, then, on written demand of either, each shall select a competent appraiser ***. The appraisers shall *** select a competent and disinterested umpire ***. *** The appraisers and the umpire shall then appraise the loss and an award in writing of any two shall determine the amount of loss."

Under the heading "Suit," the policy stated: "No suit *** for recovery of any claim against the Company shall be sustainable *** unless all requirements of this policy shall have been complied with ***."

During the term of the policy, the plaintiff experienced a loss to his crop from hail. He and the defendant could not agree on the amount, and appraisers were appointed. (Although the parties make much of their dispute over which of them made the first demand for appraisal, we find that issue immaterial to our decision.) When the plaintiff did not agree with the decision of the appraisers, he filed this suit. The defendant moved to dismiss the plaintiff's claim on the basis that the appraisers' decision was final and binding upon the parties. The trial court denied the defendant's motion, but allowed its motion for interlocutory appeal.

The sole issue on appeal is whether the trial court erred in determining that the appraisers' decision was not binding on the parties.

General rules of contract construction are equally applicable to the construction of insurance policies. (*Morgan v. CUNA Mutual Insurance Society* (1993), 242 Ill. App. 3d 1027, 611 N.E.2d 112.) The construction of a contract presents a question of law which the appellate court may review *de novo*. *Rymer v. Kendall College* (1978), 64 Ill. App. 3d 355, 380 N.E.2d 1089.

The appraisal provision contained in the policy is essentially an arbitration clause. (See *Beard v. Mount Carroll Mutual Fire Insurance Co.* (1990), 203 Ill. App. 3d 724, 561 N.E.2d 116.) Prior to the

adoption of the Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 1992)), agreements to submit future disputes to arbitration were deemed void as depriving the individual of his right to resort to the court for redress of grievances. *Beard*, 203 Ill. App. 3d 724, 561 N.E.2d 116.

Given the fact that the common law placed great importance upon the individual's right to seek redress in court, we conclude that any waiver of that right must be clear and unambiguous. In other words, the defendant could not require the plaintiff to accept the appraisers' decision as final without telling the plaintiff that the decision would be final. Because the policy does not clearly provide that the plaintiff is giving up his right to file suit by seeking an appraisal, we hold that he did not give up that right. Thus we hold that the decision of the appraisers was not binding upon the parties and the trial court did not err in refusing to dismiss the plaintiff's claim.

The defendant has cited a plethora of cases which it claims stand for the proposition that once the parties have agreed to arbitrate, the decision of the arbitrator is binding. (See *Sponemann v. Country Mutual Insurance Co.* (1983), 120 Ill. App. 3d 211, 457 N.E.2d 1031; *Coronado v. Fireman's Fund Insurance Co.* (1985), 131 Ill. App. 3d 450, 475 N.E.2d 1048; *Herriford v. Boyles* (1990), 193 Ill. App. 3d 947, 550 N.E.2d 654; *Drinane v. State Farm Mutual Automobile Insurance Co.* (1992), 153 Ill. 2d 207, 606 N.E.2d 1181; *Coronet Insurance Co. v. Booker* (1987), 158 Ill. App. 3d 466, 511 N.E.2d 793; *Rosee v. Board of Trade* (1976), 43 Ill. App. 3d 203, 356 N.E.2d 1012; *Kalish v. Illinois Education Association* (1988), 166 Ill. App. 3d 406, 519 N.E.2d 1031.) None of these cases aid the defendant, however, because none of them identify the language upon which the court based its determination that the parties had agreed to binding arbitration. The question involved in the case at bar, however, is not whether an agreement for binding arbitration may be enforced, but whether the parties agreed to submit to binding arbitration in the first instance. Based on the language of the contract at issue, we hold that they did not.

Consequently, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

LYTTON and McCUSKEY, JJ., concur.