No. 3-02-0608

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

STRATFORD WEST HOMEOWNERS ASSOCIATION,

Plaintiff-Appellee,

v.

COUNTRY MUTUAL INSURANCE COMPANY, a/k/a COUNTRY COMPANIES INSURANCE GROUP,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of the 9th Judicial Circuit McDonough County, Illinois

No. 02-L-4

Honorable Richard H. Gambrell,

Judge, Presiding

JUSTICE LYTTON delivered the opinion of the court:

Plaintiff, Stratford West Homeowners Association (Stratford), filed an insurance claim with defendant, Country Mutual Insurance Company (Country Mutual), for damages sustained to Stratford's condominium buildings during a hailstorm.  The parties agreed to participate in an appraisal to determine the amount of loss.  Stratford disagreed with the appraisal and brought suit against Country Mutual, which filed affirmative defenses claiming that Stratford was bound by the appraiser's valuation. Stratford moved to strike the affirmative defenses based on 
DeGroot v. Farmers Mutual Hail Insurance Company of Iowa
, 267 Ill. App. 3d 723 (1995).  The trial court granted the motion and, pursuant to Supreme Court Rule 308, certified the question for appeal. 

FACTS

Country Mutual agreed to insure certain condominiums owned by Stratford.  In 1998, some condominiums suffered damage during hail and wind storms.  Pursuant to the insurance policy, the parties attempted to agree on the amount of loss.  Stratford and Country Mutual failed to agree and, in accordance with the insurance policy, selected appraisers and participated in an appraisal process.  The relevant clause in the policy stated:

If you and we fail to agree on the amount of loss, either may demand that the amount of the loss be set by appraisal.  If either makes a written demand for appraisal, each will select a competent, independent appraiser ***. The two appraisers will then select a competent impartial umpire ***.  The appraisers will then set the amount of the loss.  If the appraisers submit a written report of an agreement to us, the amount agreed on will be the amount of the loss.  If the appraisers fail to agree within a reasonable time, they will submit their differences to the umpire.  A written agreement signed by any two of these three will set the amount of loss.

The appraisers disagreed on the amount of loss.  The umpire then submitted an opinion valuing Stratford West's loss at $59,429.00.  Stratford West disagreed with the valuation and filed a two-count complaint against Country Mutual to recover for the damage to the condominiums.  Country Mutual filed affirmative defenses, claiming that since Stratford West participated in the appraisal process, it was bound by the umpire's decision.  Stratford West moved to strike the defenses.  The court granted that motion and certified the following question for appeal under Supreme Court Rule 308:

Where the insurance policy provided that suit in a court of law against the insurance company may not be maintained until the insured has complied with all the policy provisions, and that same policy of insurance provided for an appraisal procedure if the insured and the insurance company failed to agree upon the amount of the loss so that either could demand that the amount of the loss be set by appraisal, does an award made pursuant to that appraisal clause: (1) operate as a final and binding resolution of the parties' dispute over the amount of the plaintiff's loss; and (2) foreclose either party from subsequently maintaining an action in a court of law to determine the amount of the loss?

ANALYSIS

The interpretation of an insurance contract is a question of law subject to 
de novo
 review.  
Traveler's Insurance Co. v. Eljer Manufacturing
, 197 Ill. 2d 278, 292 (2001).

Stratford argues that the trial court properly followed our decision in 
DeGroot v. Farmer's Mutual Hail Insurance Co. of Iowa
, 267 Ill. App. 3d 723 (1994), when it struck Country Mutual's affirmative defenses.  In 
DeGroot
, this court held that the decision by the appraisers was not binding on the parties because the policy did not clearly indicate that the insured was giving up its right to file suit.  Country Mutual admits that the present case is indistinguishable
, but urges us overturn our holding in 
DeGroot
.  

The contract language here is nearly identical to the language in 
DeGroot
.  The provision in question is essentially an arbitration clause, and we acknowledge that the Uniform Arbitration Act applies.  The Act states that a written agreement to submit an issue to arbitration is "valid, enforceable and irrevocable."  710 ILCS 5/1 (West 1999).  However, non-binding arbitration exists in Illinois as a means of resolving disputes, and 
neither the Act nor Illinois case law mandates that all arbitration must be binding.  
Mayflower Insurance Co., Ltd. v. Mahan
, 180 Ill. App. 3d 216-18 (1988).

We see no reason to depart from our recent holding in 
DeGroot
. Any waiver of the right to file suit must be clear and unambiguous. 
DeGroot
, 267 Ill. App. 3d at 725.  Without language requiring binding arbitration, a policy will be construed as an agreement to submit to non-binding arbitration.  
DeGroot
, 267 Ill. App. 3d at 725.  Nothing in the insurance contract indicated that, by participating in the appraisal, Stratford was forfeiting its right to seek redress in court.  We decline the opportunity to lower the standard under which parties relinquish their right to sue.  A party's waiver of that right must be evident from the agreement.  

 In this case, the appraisal does not operate as a final and binding resolution of the parties' dispute over the amount of the loss and does not foreclose either party from maintaining an action in a court of law.  The plaintiff did not give up his right to file suit, and the trial court properly struck Country Mutual's defenses.

CONCLUSION

The certified question is answered and the cause is remanded.

Certified question answered; cause remanded.

BARRY and HOLDRIDGE, JJ., concur.