**OMS NATIONAL INSURANCE COMPANY, an Illinois Corporation, Plaintiff,**

v.

**David T. TURBYFILL, DMD, an individual, and Kara Stewart, an individual, Defendant.**

Case No. 3:14–CV–00622

United States District Court, N.D. Florida, Pensacola Division.

Signed March 31, 2016

Sina Bahadoran, Michele A. Vargas, Hinshaw & Culbertson LLP, Coral Gables,

FL, for OMS National Insurance Company.

Ronald L. Harrop, O'Connor & O'Connor, John Lewis Fiveash, Jr., Edwin Andrew Steinmeyer, Lewis, Longman & Walker, P.A., for David Turbyfill.

Joseph M. Taraska, Morgan & Morgan PA, Orlando, FL, for Kara Stewart.

### *ORDER*

## M. CASEY RODGERS, CHIEF
## UNITED STATES DISTRICT JUDGE

Plaintiff OMS National Insurance Company ("OMSNIC") has filed suit against Defendant Dr. David Turbyfill and Kara Stewart, seeking a Declaratory Judgment that it owes no duty to defend or indemnify Turbyfill in connection with a state court lawsuit filed by Kara Stewart against Turbyfill for sexual assault and battery. Turbyfill filed a counterclaim against OMSNIC for breach of the professional liability insurance policy Turbyfill has with OMSNIC. Now pending before the Court are OMSNIC's (ECF No. 69) and Turbyfill's (ECF No. 64) cross-motions for summary judgment. Also pending are OMSNIC's Omnibus Motion *in Limine* (ECF No. 80); Turbyfill's Motion to Strike OMSNIC's Supplemental Evidence (ECF No. 97); and OMSNIC's Motion for Leave to File Corrected Evidence (ECF No. 102). Having fully reviewed the record and the parties' arguments, the Court grants OMSNIC's motion for summary judgment.

### *Background*

The facts of the present case are simple and largely uncontested. Turbyfill is a licensed dentist in the state of Florida. In November 2012, Plaintiff OMSNIC issued Turbyfill a Professional Liability Individual Policy, effective until November 4, 2013, which provides in pertinent part:

A. *Liability.* We will pay damages a protected party is required to pay for bodily injury or professional injury caused by oral and maxillofacial surgery care a protected party provided or should have provided on or after the Retroactive Date. We will pay damages up to the applicable limit of coverage. Our Payment of damages is subject to the exclusions and all of the other terms and conditions of this Policy. A claim for such damages must be first made and reported to OMS National Insurance Company, Risk Retention Group during the policy period.

B. *Defending Claims.* We will defend any covered claim made against a protected party, even if the claim is groundless or fraudulent. We have the right to appoint attorneys to defend a protected party and to investigate, defend, negotiate and settle any covered claim as we feel appropriate subject to Condition D, Consent to Settle. . . .

Turbyfill's policy included a specific exclusion for "Sexual Misconduct, Molestation, or Abuse," which states that OMSNIC "will not pay or defend against any liability for the participation of a protected party in any act of sexual misconduct, sexual molestation, or physical or mental abuse or harassment."

In April 2013, the Florida Department of Health filed an administrative complaint ("DOH Complaint") against Turbyfill, alleging that he had engaged in sexual misconduct with patients in violation of Florida law. One of the patients at issue in the DOH Complaint, Kara Stewart, later filed suit against Turbyfill in state court for damages as a result of an alleged assault and battery committed against her during a dental procedure in February 2013. Specifically, Stewart asserted that while she was anesthetized, Turbyfill placed her operating chair at a height not approved by office policy; removed a pulse oximeter from her hand, removed his penis from his

pants, and used her hand to masturbate himself, all without her consent.[1]

Turbyfill filed a claim with OMSNIC requesting a defense and indemnification in the administrative proceeding and the Stewart suit. OMSNIC denied coverage both times, and now seeks a declaratory judgment that no coverage exists for the claim.

### Discussion

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In considering a summary judgment motion, the Court accepts the nonmoving party's evidence as true and draws all justifiable inferences in its favor. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When considering cross motions for summary judgment, the Court applies the same standards, viewing each motion on its own with the facts viewed in the light most favorable to the nonmoving party and awarding summary judgment if there is no genuine dispute of fact and the moving party establishes an entitlement to judgment as a matter of law. See, e.g., *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir.2005); *United States v. Oakley*, 744 F.2d 1553, 1555–56 (11th Cir.1984).

■ First, the parties disagree on whether Florida or Illinois law governs this dispute. Turbyfill asserts that Illinois law should govern, because the policy contains an Illinois choice of law provision. OMSNIC asserts that neither state's laws would alter the outcome, but nonetheless objects to the application of Illinois law to the extent that it would require the Court to enforce coverage for sexual assault claims contrary to the public policy of Florida. Because the Court finds that Turbyfill is not entitled to coverage under the plain language of the policy, it need not resolve the choice of law issue. *See Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1171 (11th Cir.2009) (where the laws do not conflict, courts should avoid the question and decide the issue under the law of each of the interested states); *Founders Ins. Co. v. Munoz*, 237 Ill.2d 424, 341 Ill.Dec. 485, 930 N.E.2d 999, 1004 (2010) (unambiguous policy will be applied as written) *Garcia v. Federal Ins. Co.*, 969 So.2d 288, 291 (Fla.2007) (same).

OMSNIC maintains that it has no duty to defend or indemnify Turbyfill in regards to the Stewart suit or DOH complaint, because the allegations of Turbyfill's conduct fall within the insurance policy's exclusion for sexual misconduct. Turbyfill's policy states:

> C. *Sexual Misconduct, Molestation or Abuse.* We will not pay or defend against any liability for the participation of a protected party in any act of sexual misconduct, sexual molestation, or physical or mental abuse or harassment.

Turbyfill does not dispute that the conduct alleged in the Stewart and DOH com-

---

1. On January 27, 2016, while summary judgment was pending in this case, Stewart amended her underlying complaint. The amended complaint describes Turbyfill's conduct as "coming into physical contact with the plaintiff, while maintaining an erection, for the sole purpose of achieving his own sexual gratification, all without the plaintiff's knowledge or consent." The Court must consider the most recent complaint by Stewart against Turbyfill in evaluating whether a duty to defend exists. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219–20 (11th Cir.2007). Therefore, the Court takes judicial notice of Stewart's amended complaint against Turbyfill. Notwithstanding the slight difference between the allegations in the two complaints, the Court finds that the amended complaint alleges conduct that falls within the policy exclusion for sexual misconduct, molestation, and abuse.

plaints constitutes "sexual misconduct, molestation, or physical or mental abuse or harassment" under the policy. He contends, however, that he did not commit the conduct asserted in the complaints, and has offered extrinsic evidence in support of his innocence claim. He argues that because the policy exclusion refers to "participation ... in any act of sexual misconduct" rather than "allegation of ... any act of sexual misconduct," the exclusion does not apply to meritless allegations of sexual misconduct such as Stewart's. In short, Turbyfill argues that the Sexual Misconduct exclusion does not apply to him because he did not "participate" in sexual misconduct against Stewart.

In support of his interpretation of the Sexual Misconduct exclusion, Turbyfill focuses on the use of the term "allegation" in the section immediately preceding the Sexual Misconduct exclusion, which states, in relevant part:

B. *Wrongful Acts*. We will not pay any liability for libel, slander or defamation; intentional violation of an individual's right of privacy; assault or battery ... However, we will defend, subject to a $25,000 per patient limit, against any allegation of slander or defamation; intentional violation of any individual's right of privacy; assault or battery ...

Turbyfill argues that because OMSNIC used the term "allegation" in the Wrongful Act section of the policy but not the Sexual Misconduct section, it could not have intended the terms "allegation" and "participated in" to have the same meaning. Thus, according to Turbyfill, if OMSNIC intended to relieve itself of the duty to defend against baseless claims of sexual misconduct or claims where the guilt or liability of the insured was at issue, it would have used the term "allegation" in the Sexual Misconduct section as well.

Turbyfill's argument ignores the full and plain text of the Sexual Misconduct exclusion. The exclusion states that OMSNIC "will not pay or *defend against* any liability for the participation of a protected party in any act of sexual misconduct ..." [emphasis added]. The phrase "defend against" presupposes instances in which the insured contests his guilty and liability for the underlying acts of sexual misconduct. Indeed, the introduction to the Exclusions section explicitly distinguishes between exclusions where OMSNIC will defend but not indemnify (e.g. Wrongful Acts), and those for which OMSNIC will neither defend nor indemnify (Sexual Misconduct). Turbyfill's interpretation reads all meaning out of the Sexual Misconduct exclusion's "defend against" clause. *See Martindell v. Lake Shore National Bank,* 15 Ill.2d 272, 154 N.E.2d 683, 689 (1958) (meaning and effect must be given to all terms of a contract so no part is rendered meaningless or surplusage); *Whitley v. Royal Trails Property Owners' Ass'n, Inc.,* 910 So.2d 381, 385 (Fla.Dist.Ct.App.2005) (preferred interpretation of a contract gives a reasonable, lawful, and effective meaning to all terms). Because the conduct Stewart and DOH complain of falls within the plain meaning of the Sexual Misconduct exclusion contained in Turbyfill's policy, the Court finds that OMSNIC has no duty to defend or indemnify Turbyfill in either case.

Turbyfill argues that, under Illinois law, the Court may consider facts beyond the underlying complaint to determine whether a duty to defend exists, citing *LaRotunda v. Royal Globe Ins. Co.,* 87 Ill.App.3d 446, 42 Ill.Dec. 219, 408 N.E.2d 928 (1980). He has offered extrinsic evidence which, he asserts, establishes that he did not engage in the sexual misconduct alleged by Stewart in the underlying case, that OMSNIC knew or had reason to believe that Turbyfill did not engage in sexual misconduct, and that OMSNIC failed to

properly investigate the claims against him before denying coverage.

It is a well-established rule in both Florida and Illinois that the Court is limited to the allegations in the underlying complaint when deciding whether a duty to defend exists. *Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So.2d 533, 536 (Fla.1977) ("The allegations of the complaint govern the duty of the insurer to defend."); *State Farm Fire & Cas. Co. v. Tippett*, 864 So.2d 31, 33 (Fla.Dist.Ct.App.2003) ("The trial court is restricted to the allegations set forth in the complaint, regardless of what the insured or others say actually happened"); *Illinois Tool Works v. Travelers Cas.*, 26 N.E.3d 421, 427, 389 Ill.Dec. 331 (2015) ("The insurer's knowledge that extrinsic facts not pled in the complaint will ultimately defeat any coverage obligation does not negate its duty to defend."); *Associated Indem. Co. v. Ins. Co. of N.A.*, 68 Ill.App.3d 807, 25 Ill.Dec. 258, 386 N.E.2d 529, 537 (1979) ("[I]f the complaint contains allegations which if true would exclude coverage under the policy, the insurer has no obligation to defend."). The cases cited by Turbyfill stand for the narrow proposition that, where the allegations in a complaint leave doubt as to whether a claim is covered under the terms of an insurance policy, courts may look beyond the underlying complaint. For example, *LaRotunda v. Royal Globe Ins. Co.*, 87 Ill.App.3d 446, 42 Ill.Dec. 219, 408 N.E.2d 928 (1980), upheld a trial court's consideration of unpled facts from an insurer's investigation where a complaint left open the possibility that coverage existed. The other cases are similarly narrow. *See Fidelity & Cas. Co. of New York v. Envirodyne Engineers, Inc.*, 122 Ill.App.3d 301, 77 Ill.Dec. 848, 461 N.E.2d 471 (1983) (Court could consider deposition testimony to establish whether defendant in fact constructed a scaffold or merely consulted in the construction, where only the actual construction would have brought it within

the general liability policy); *Mid America Fire v. Smith*, 109 Ill.App.3d 1121, 65 Ill. Dec. 634, 441 N.E.2d 949 (1982) (Court could consider deposition testimony from tortfeasor establishing that he intentionally kicked insured, where intentional bodily harm but not accidents were excluded from insurance policy).

Turbyfill mistakenly argues that questions as to his liability for the underlying sexual assault claim allow the Court to consider extrinsic evidence to determine whether a duty to defend exists. This is not correct. The policy's Sexual Misconduct Exclusion plainly states that OMSNIC "will not pay or defend against any liability for the participation of a protected party in any act of sexual misconduct . . ." There is no ambiguity as to whether the facts alleged in the Stewart and DOH complaints constitute sexual misconduct for purposes of the exclusion. As discussed previously, OMSNIC's duty to defend does not hinge on Turbyfill's culpability in the underlying complaints. Therefore, extrinsic evidence will not be considered.

Turbyfill also asserts that, even assuming his conduct falls within the Sexual Misconduct exclusion, the exclusion is unconscionable because it would preclude coverage for a policyholder even though claims made against the policyholder were groundless. This argument is without merit. As discussed previously, the applicability of an exclusion is determined without regard to the merits of the underlying complaint. *See e.g. Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So.2d 533, 536 (Fla.1977); *State Farm Fire & Cas. Co. v. Tippett*, 864 So.2d 31, 33 (Fla.Dist. Ct.App.2003); *Illinois Tool Works v. Travelers Cas.*, 389 Ill.Dec. 331, 26 N.E.3d 421, 427 (Ill.App.Ct.2015); *Associated Indem. Co. v. Ins. Co. of N.A.*, 68 Ill.App.3d 807, 25 Ill.Dec. 258, 386 N.E.2d 529, 537 (1979). Moreover, courts regularly enforce exclu-

sions for sexual misconduct claims. *See e.g. Landis v. Allstate Ins. Co.*, 546 So.2d 1051 (Fla.1989); *Ins. Co. of N.A. v. Querns*, 562 So.2d 365 (Fla.Dist.Ct.App. 1990); *Keen v. Florida Sheriffs' Self–Insurance Fund*, 962 So.2d 1021 (Fla.Dist.Ct. App.2007); *Pekin Ins. Co. v. Dial*, 355 Ill.App.3d 516, 291 Ill.Dec. 400, 823 N.E.2d 986 (2005); *NCMIC Ins. Co. v. Johnson*, No. 04–cv–0221, 2006 WL 1004862 (S.D. Ill. April 17, 2006).

In his Response to OMSNIC's summary judgment motion, Turbyfill also argues: 1) that Stewart's claim against Turbyfill is covered as "bodily injury" that occurred during oral surgery care; 2) OMSNIC pledged to defend him against any covered claim, even if it is "groundless;" and 3) the policy should be construed liberally in favor of granting coverage. Because the Court finds that the Turbyfill's claim falls within the policy's Sexual Misconduct exclusion, these arguments fail.

█ In his own summary judgment motion, Turbyfill asserts the defenses of ambiguity and estoppel under Illinois law. Under the estoppel doctrine in Illinois, an insurer must either: 1) defend the suit under a reservation of rights; or 2) seek a declaratory judgment that there is no coverage. *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 186 Ill.2d 127, 237 Ill.Dec. 82, 708 N.E.2d 1122, 1134–35 (1999). If the insurer fails to take either of these steps and is later found to have improperly denied coverage, the insurer is estopped from raising policy defenses to coverage. *Id.*

OMSNIC objects to these defenses as affirmative defenses improperly raised for the first time on summary judgment. *See* Fed.R.Civ.P. 8(c); *Proctor v. Fluor Enter., Inc.*, 494 F.3d 1337, 1351 (11th Cir.2007). The Court, however, need not rule on OMSNIC's objections, since, even assuming the defenses were properly raised, both defenses fail in view of the Court's

ruling on the Sexual Misconduct exclusion. Where contract language has a definite or certain meaning, as is the case with the Sexual Misconduct exclusion, it is not ambiguous as a matter of law. *See Friedman v. Virginia Metal Prods. Corp.*, 56 So.2d 515, 517 (Fla.1952); *Zurich Midwest, Inc. v. St. Paul Fire & Marine Insurance Co.*, 159 Ill.App.3d 961, 111 Ill.Dec. 813, 513 N.E.2d 59, 60 (1987). Regarding the estoppel claim, and as discussed previously, OMSNIC's decision to deny coverage was proper given the allegations of the complaints made against Turbyfill.

For the foregoing reasons, the Court rules accordingly:

1. Plaintiff OMSNIC's Motion for Summary Judgment (ECF No. 69) is **GRANTED.**

2. Defendant Turbyfill's Motion for Summary Judgment (ECF No. 64) is **DENIED.**

3. OMSNIC's Omnibus Motion *in Limine* (ECF No. 80) is **DENIED** as moot.

4. Turbyfill's Motion to Strike (ECF No. 97) is **DENIED** as moot.

5. OMSNIC's Motion for Leave to File Corrected Evidence (ECF No. 102) is **DENIED** as moot.

6. Clerk is directed to enter final judgment in favor of the Plaintiff and against the Defendants, tax costs against the Defendants, and close the file.

**DONE and ORDERED this 31st day of March, 2016.**