RONALD AFFRONTI, Plaintiff-Appellant, v. ROBERT BODINE *et al.*, Defendants-Appellees.

Second District   No. 2—86—0682

Opinion filed May 18, 1987.

E. Paul Lanphier, Ltd., of Elmhurst, for appellant.

John M. Simko, of Boback, Bianchi & Simko, Ltd., of Crystal Lake, for appellees.

JUSTICE HOPF delivered the opinion of the court:

Plaintiff, Ronald Affronti, brought an action to foreclose a mortgage executed by defendants, Robert Bodine and Alvina Bodine, to D. D. & N. Metal Finishing, Inc., and subsequently assigned to plaintiff. Defendants filed a counterclaim for declaratory judgment requesting the trial court to declare the rights of the parties relative to the following language in the mortgage which plaintiff sought to foreclose:

> "This mortgage is to be released at any such time as the unpaid principal balance of the Note is reduced to One Hundred Thirty-Two Thousand Two Hundred ($132,200.00) Dollars (i.e., the equivalent principal balance after twenty-four monthly payments)."

Pursuant to section 7 of "An Act relating to mortgages of real property ***" (Ill. Rev. Stat. 1985, ch. 95, par. 57), which permits a mortgagor to reinstate a delinquent mortgage upon payment of the amount of delinquency and costs within 90 days of summons and foreclosure, defendants timely tendered payment to plaintiff in open court. As a result, plaintiff's foreclosure action was dismissed.

On June 23, 1986, the matter proceeded to bench trial on defend-

ants' counterclaim for declaratory relief. On that date, defendants made a payment to plaintiff to reduce the aforementioned note balance to $132,200. The trial court subsequently determined that the mortgage on defendants' real estate should be released. Plaintiff appeals from this determination, contending that the trial court erred in ordering that the mortgage secured by the real estate be released after an acceleration had occurred and before final payment.

We note at the outset that plaintiff complains that defendants have not complied with the rules governing briefs, most particularly in the argument part of their brief wherein defendants have failed to cite any authority in support of their contentions regarding the issue plaintiff has presented for review. (103 Ill. 2d R. 341(e)(7).) We find plaintiff's complaint a bit paradoxical, as, on the one hand, plaintiff complains of defendants' lack of authority while, on the other hand, pointing out in his initial brief that he has been unable to find any cases dealing with the particular issue he has presented for review. At any rate, in reaching our decision here we have taken into consideration defendants' lack of authority.

From our review of the record we believe that plaintiff has unduly complicated the underlying issue in this case, *i.e.*, whether or not the mortgage secured by the real estate should have been released by plaintiff once the note balance was reduced to $132,200. The resolution of this issue is dependent upon contract law and does not depend, as plaintiff argues, upon the fact that because plaintiff accelerated the entire indebtedness, defendants are no longer entitled to release of the real estate until they have made full payment on the note.

Once plaintiff brought his foreclosure action, defendants used section 7 of "An Act relating to mortgages of real property ***" (Ill. Rev. Stat. 1985, ch. 95, par. 57) to cure the default on the obligations secured by the mortgage. Prior to any final order of foreclosure, defendants tendered to plaintiff the sum of money necessary to cure the mortgage default. At that point, under the terms of section 7, the indebtedness secured by the mortgage remained "in force the same as if no acceleration or default had occurred," and, thus, once defendants tendered an additional sum of money to plaintiff to reduce the loan indebtedness from the sum remaining after defendants cured the mortgage default to the sum of $132,200, the only issue to be determined by the court was whether the terms of the mortgage required the release of the real estate.

At the time defendants agreed to purchase certain business assets of D. D. & N. Metal Finishing, Inc., in May 1984, they gave certain instruments of indebtedness to plaintiff, including the mort-

gage on the real estate in question and an accompanying promissory installment note. A mortgage is a negotiable instrument (*Tepfer v. Deerfield Savings & Loan Association* (1983), 118 Ill. App. 3d 77, 81, 454 N.E.2d 676), and "[a]s between the immediate parties a negotiable instrument is merely a contract" (Ill. Ann. Stat., ch. 26, par. 3—119, comment 3, at 85 (Smith-Hurd 1963)). Where both a mortgage and an accompanying promissory note exist, the two documents constitute separate contracts, and any provision in the mortgage not found in the note itself is not part of the note and does not affect the personal liability of the maker of the note. (*Mortgage Syndicate, Inc. v. Do & Go Equipment, Inc.* (1972), 7 Ill. App. 3d 106, 108, 286 N.E.2d 520.) Here, however, the language relied on by the trial court in determining whether the real estate secured by the mortgage should be released was identical in both documents. Both stated that the "mortgage is to be released *at any such time* as the unpaid principal balance of the Note is reduced to One Hundred Thirty-Two Thousand Two Hundred ($132,200.00) Dollars (i.e., the equivalent principal balance after twenty-four monthly payments)." Emphasis added.

It is plaintiff's contention here, as it was in the lower court, that plaintiff did not intend to release the security of the mortgage until defendants had established "a certain track record with regard to payments," *i.e.*, until 24 monthly payments had been made. Although defendants reduced the unpaid principal balance to $132,200, they did not do so by tendering 24 monthly installments to plaintiff, as plaintiff maintains was required by the language, "the equivalent principal balance after twenty-four monthly payments," in the provision above. Conversely, defendants contend that the trial court was correct in determining that the reduction of the unpaid balance was not conditioned upon one payment per month for 24 months but only upon reducing the balance to $132,200.

■■ A contract is not rendered ambiguous simply because the parties do not agree on its meaning (*Bell Fuels, Inc. v. Lockheed Electronics Co.* (1985), 130 Ill. App. 3d 940, 945, 474 N.E.2d 1312), and whether a contract is ambiguous is a matter of law for the trial court to determine (*W.H. Lyman Construction Co. v. Village of Gurnee* (1985), 131 Ill. App. 3d 87, 96, 475 N.E.2d 273). In the instant case, although the court commented that it wished the language discussed above had been clearer, it did not conclude that the language was ambiguous. Rather, the court stated that the "controlling language" was the sum of $132,200 and that once that amount had been paid the release should have been executed. The court concluded that the parenthetical language, "i.e., the equivalent principal balance after twenty-

four monthly payments," was "surplus" language and was only included to assist the parties in showing that $132,200 must be paid before the release was executed. We agree with the court's interpretation and determine, as did the trial court, that nothing can be read into the mortgage or accompanying promissory note to require that 24 timely monthly payments in exact amounts must have been tendered to plaintiff before defendants were entitled to the release. Both the mortgage and the note clearly state that the mortgage on the real estate in question is to be released "at any such time" as the unpaid balance on the note is reduced to $132,200. As the balance was reduced to that sum on June 23, 1986, plaintiff was required at that time to release the mortgage.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

LINDBERG, P.J., and WOODWARD, J., concur.