2019 IL App (1st) 182077-U

THIRD DIVISION
December 31, 2019

No. 1-18-2077

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., as Indenture Trustee, on behalf of the Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Note, | ) ) ) ) ) Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) No. 13 CH 18958 |
| v. | ) ) |
| CLAUDIA IONE MUHAMMAD, Ecclesiastical Trustee, 1 ONE MINISTRY, JOHN DOE, Current Spouse or Civil Union Partner, if any, of Claudia Ione Muhammad, UNKNOWN OWNERS, generally, and NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) Honorable |
| Defendants-Appellants. | ) Marian Emily Perkins, ) Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Justices Cobbs and Ellis concurred in the judgment.

ORDER

¶ 1    *Held*:   The judgment of the circuit court of Cook County is affirmed; plaintiff had standing to enforce the note and sue to foreclose the mortgage as holder of the note and mortgage and defendant failed to produce evidence another person or entity had the right to enforce the note and mortgage, and the record contains no evidence plaintiff acquired any property not listed in the foreclosure complaint.

¶ 2    Plaintiff, Deutsche Bank National Trust Company, filed a complaint for foreclosure and

sale against defendant, Claudia Ione Muhammad, based on defendant's default under a note

secured by a mortgage on a multi-unit dwelling sitting on portions of two lots in Chicago. Defendant agued plaintiff lacked standing to enforce the note and mortgage based on the presence of an anomalous allonge on the note. The circuit court of Cook County granted summary judgment in favor of plaintiff and later entered an order confirming the judicial sale of the property. For the following reasons, we affirm.

¶ 3                                BACKGROUND

¶ 4      On August 15, 2013, Deutsche Bank National Trust Company (Deutsche Bank), plaintiff, filed a complaint for foreclosure against Claudia Ione Muhammad, defendant. Deutsche Bank identified itself as "indenture trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes." Deutsche Bank's complaint listed the date of the mortgage as August 19, 2005 and listed defendant as the mortgagor. The complaint provided a legal description of the premises and listed its common address as "4919 S. Washington Park Court, Chicago, IL 60615." The complaint alleged defendant had defaulted in the payment of principal and interest due on June 1, 2012 and each and every month thereafter. The total amount due as of August 9, 2013 was $203,627.96. The complaint listed the present owner of the premises as 1 One Ministry and listed defendant as the person claimed to be personally liable for the deficiency. Plaintiff prayed for relief as indenture trustee on behalf of the holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes in the form of foreclosure of the mortgage, judicial sale of the subject property, confirmation of the sale, a personal deficiency decree, and its reasonable costs and expenses.

¶ 5      Plaintiff attached as "Exhibit A" to the complaint a document titled "Adjustable Rate Note" (Note). The Note lists the property address as 4919 S. Washington Park Ct., Chicago, IL 60615. The Note is signed by Claudia Ione Muhammad. The principal on the Note is

$200,000.00.  Also attached to the complaint is a document titled "Allonge to Note."  The Allonge bears the name James Neukirch (the designation of that person is illegible) and lists an address of 18N565 Carraige [*sic*] Lane, Huntley, IL 60142.  The Allonge lists a loan amount of $493,850.00.  Plaintiff also attached the mortgage document to the complaint (Mortgage).  The Mortgage lists defendant as the borrower and lists the mortgaged property as 4919 S. Washington Park Ct., Chicago, Illinois 60615.  Defendant signed the Mortgage.  Exhibit C to the complaint is an assignment of the Mortgage to plaintiff.  The Assignment states it was signed on December 21, 2011.

¶ 6    On June 4, 2015, plaintiff filed a motion for summary judgment.  Plaintiff's motion for summary judgment asserts that "[a]attached to the Complaint is the August 19, 2005 promissory note *** and the August 19, 2005 'Mortgage' for *** 4919 S. Washington Park Court, Chicago, IL 60615."  Plaintiff attached to its motion for summary judgment a pleading that defendant, acting *pro se*, filed titled "Affidavit of Deutsche Bank National Trust Company Lack of Interest in Property and Lack of Standing/Capacity to Foreclose Subject Matter Jurisdiction and Statute of Fraud."  Defendant signed that pleading on December 23, 2013.  Defendant's pleading states the assignment of the Mortgage "was recorded after the alleged foreclosure complaint *** in which [plaintiff] lack[s] standing (subject matter jurisdiction) to bring foreclosure complaint;" specifically, on "10/28/2013 which is after the alleged foreclosure complaint."  Defendant's pleading again asserted that plaintiff lacks standing to foreclose her property without stating a basis for that assertion.  Separately defendant asserted that plaintiff "does not have the original promissory note and has never had the original promissory note."  Defendant attached to this pleading a document titled "Affidavit of Non-Abandonment" in which she averred, in pertinent part, that no parties attempting to foreclose the subject property have ever "presented the

'Original Note' nor proofs of the original loan both back and front along with the Mortgage, both back and front" to establish their standing to foreclose. In a separate document titled "Affidavit of Mortgage/Bank and/or Deed Fraud" defendant averred the foreclosure is unlawful because of the absence of a lawful assignment of the Note and Mortgage. Defendant also filed a document purporting to rescind the Note, Mortgage and any assignments on the basis of fraud. That document alleged, in pertinent part, that "no valid and timely assignment of any nature was recorded or has been recorded in the Cook County Recorder of Deeds Office" and that "without such an assignment [plaintiff did not have] legal or lawful standing to make a claim against said property."

¶ 7    On November 12, 2015, defendant, now represented by counsel, filed an answer, affirmative defenses, and counterclaim to plaintiff's complaint. Defendant answered, in part, denying that "the signatures on the allonge to the Note attached as Exhibit B [to the complaint] are authentic or authorized and the effectiveness of the allonge to endorse the Note." Defendant raised seven affirmative defenses to the complaint and three counterclaims. Defendant's first affirmative defense was that plaintiff is not the holder of the Mortgage attached to the complaint. Defendant's first counterclaim (Count I) alleged plaintiff committed a deceptive practice by "creating an allonge to facilitate a foreclosure." Count I alleged that "[a]attached as Exhibit B is a copy of an Assignment from [Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Accredited Home Lenders, Inc.,] to Plaintiff dated December 21, 2011." Count I asserted this assignment was a "use of false documentation practices to facilitate foreclosure on Defendant's property" because the signatory actually works for a mortgage servicing company (not MERS) that "was not the holder of the Note nor the Mortgage on December 21, 2011." Defendant's second affirmative defense (Count II) alleged plaintiff was a debt collector and that

it was attempting to collect a debt in violation of the Fair Debt Collection Practices Act because plaintiff "has not attached to the Complaint a complete and accurate copy of the Note and has engaged in false documentation practices as set forth in Count [I]." Finally, Count III of defendant's counterclaims alleged plaintiff violated the Truth in Lending Act by failing to provide defendant with the required notices of the alleged assignment of the Note and Mortgage.

¶ 8 On January 13, 2016, plaintiff filed a motion to strike defendant's affirmative defenses and to dismiss defendant's counterclaims. On June 1, 2016, defendant, through counsel, filed a response to plaintiff's motion to dismiss defendant's affirmative defenses and counterclaims. And on June 16, 2016, plaintiff filed a reply in support of its motion to strike defendant's affirmative defenses and dismiss defendant's counterclaims. The trial court held a hearing on plaintiff's motion to strike and dismiss. On June 28, 2016, the trial court entered an order granting plaintiff's motion to strike defendant's affirmative defenses and counterclaims without prejudice and granting defendant leave to replead. On July 26, 2016, defendant filed amended affirmative defenses and counterclaims. The amended pleading stated six affirmative defenses, the second and sixth being newly plead, and three counterclaims, that were identical to the original counterclaims.

¶ 9 On August 16, 2016, plaintiff filed another motion to strike and dismiss defendant's affirmative defenses and counterclaims and a supporting memorandum of law. On August 30, 2016, plaintiff filed a motion to compel defendant to answer discovery requests. On November 14, 2016, the trial court granted defendant's motion to strike plaintiff's motion to strike on the grounds plaintiff's pleading violated the trial court's rules by being too long, and the court ordered plaintiff to file a brief within page limits. On November 28, 2016, plaintiff filed its amended motion and on December 27, 2016, defendant filed a response to plaintiff's motion to

dismiss defendant's amended affirmative defenses and counterclaims. On January 10, 2017, plaintiff filed a reply in support of its motion to strike and dismiss defendant's amended affirmative defenses and counterclaims.

¶ 10     On January 18, 2017, following a hearing, the trial court entered an order stating, in pertinent part, as follows:

> "1. Plaintiff tendered the original Note in open court.
>
> 2. Defendant's affirmative defenses and counterclaims are stricken with prejudice."

¶ 11     On March 13, 2017, the trial court entered an order scheduling plaintiff's motion for summary judgment for hearing. Defendant filed a response to plaintiff's motion for summary judgment and plaintiff filed its reply in support of the motion. On May 8, 2017, the trial court entered an order granting summary judgment in favor of plaintiff and against defendant and entered a judgment of foreclosure and sale of the subject property. The judgment of foreclosure and sale stated that "[a]s of the date hereof, Plaintiff is as the holder of the Note secured by the Mortgage." The judgment further stated that the "real estate herein referred to and *** directed to be sold is legally described as follows:" The judgment then stated the legal description of the subject property, the property identification number (P.I.N.) of the property, and the "common address" of the property. The court also appointed a Sales Officer to conduct the sale of the subject property.

¶ 12     On August 9, 2017, defendant filed an affidavit informing the trial court she had discharged her attorneys. On August 16, 2017, defendant's attorneys filed a motion to withdraw as counsel of record for defendant.

¶ 13    On August 30, 2017, plaintiff filed a motion for order approving report of sale and distribution, for confirmation of the judicial sale, for possession and for a personal deficiency judgment. The motion stated the public sale was held on August 8, 2017 and plaintiff was the purchaser. The motion described the subject property as a "Multi-Unit Residential" and stated the property "may have a common door and hallways for access to illegal individual residential units."

¶ 14    On September 13, 2017, defendant, acting *pro se*, filed a pleading titled "Alleged Defendant's Motion to Dismiss Deutsche Bank National Trust Company Foreclosure for Lack of Standing/Capacity Pursuant to 735 ILCS 5/2-619(2)(9)(a)." Defendant's September 2017 motion asked the trial court to dismiss the foreclosure action. Defendant argued that plaintiff "was not the holder of the mortgage and note at the time the plaintiff filed the complaint." Defendant asserted the Mortgage and Note were not assigned to plaintiff until October 28, 2013. Defendant argued that when the alleged plaintiff is not the owner or holder of the Note and Mortgage standing may be put in issue when that allegation is properly denied. Defendant argued plaintiff lacks standing if it cannot establish that it is the owner or holder of the Note and Mortgage. Defendant asserted that at the time the complaint was filed another entity held the Mortgage and Note. In support of all of these allegations defendant relied on a document attached to her pleading as "Exhibit A." That document is the Assignment of the Mortgage from MERS, as nominee for Accredited Home Lenders, Inc., to plaintiff. The copy of the Assignment bears a stamp from the Cook County Recorder of Deeds that bears the date 10/28/2013. The second page of the document is a signature page bearing a notarized signature and the date December 21, 2011.

¶ 15     On October 4, 2017, the trial court entered a briefing schedule on defendant's September 2017 motion to dismiss and set the matter for a hearing.  On November 1, 2018, plaintiff filed a response to defendant's *pro se* motion to dismiss.  Plaintiff's response argued a "[p]laintiff under the Illinois Mortgage Foreclosure Law makes a *prima facie* case for standing by attaching the Note and Mortgage to the Complaint."  In this case, plaintiff argued, it is undisputed that plaintiff attached the then existing Note and Mortgage to the complaint therefore unless defendant proves otherwise it is assumed to have standing.  Plaintiff admitted the Assignment of the Mortgage was not recorded until October 28, 2013 but argued the "recording of the assignment is irrelevant."  Plaintiff asserted the Assignment was executed on December 21, 2011, before it filed its complaint "and therefore Defendant's entire argument is invalid."  On November 13, 2017, defendant filed a reply in support of her motion to dismiss.

¶ 16     On November 28, 2017, the trial court held a hearing on defendant's *pro se* motion to dismiss.  The trial court denied the motion to dismiss for the reasons stated in open court.  (No report of those proceedings is contained in the record on appeal.)

¶ 17     On February 5, 2018, defendant filed a motion for substitution of judge for cause.  On March 1, 2018, defendant's motion for substitution of judge was granted and the case was assigned to a different trial judge.  On May 3, 2018, the trial court denied defendant's subsequent motion to substitute judge for cause.

¶ 18     On July 30, 2018, defendant filed a response to plaintiff's motion to confirm judicial sale.  Defendant's response stated the Note attached to the complaint "has the allonge to note for a person named James Neukirch which is not the defendant along with another address which is not the defendant."  Defendant argued the "entire allonge of note is not valid."  Defendant further argued:

"The defendant has stated throughout this entire case ***that the plaintiff did not have the note and that the note attached to the complaint is not the defendant's note. The plaintiff knowingly uses another note to foreclose on the defendant's property in which the note is [not] the defendant's note."

Defendant argued plaintiff never had standing because it did not have the Mortgage and the Note at the time the complaint was filed.

¶ 19    Defendant's response also argued that plaintiff "committed unjust enrichment" by "trying to get two properties instead of one property." Defendant asserted her property is 4919 South Washington Park Court, and 4921 South Washington Park Court, and that during the sale plaintiff "acquired both *** instead of the property listed in the complaint which is only 4919 South Washington Park Court."

¶ 20    On August 13, 2018, plaintiff filed a reply in support of its motion to confirm sale. In its reply plaintiff noted that the same legal description of the subject property appears in the complaint, judgment, and report of sale. The legal description in the mortgage is as follows:

"The North ½ of Lot 20 and the South ½ of Lot 21 in Block 1 in T.G. Dickinson and CO's Subdivision of that part of the North ½ of the South ½ of the Northeast ¼ of Section 10, Township 38, North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois."

Plaintiff argued it "is clear from the legal description that both lots 20 and 21 are included within the mortgaged property." Plaintiff argued it "legally sought foreclosure and sale of the correct property mortgaged by [defendant.]"

¶ 21    On August 27, 2018, defendant filed her own affidavit in which she averred, in pertinent part, that the Allonge of the Note is not hers; plaintiff has never had her Note; the promissory

note attached to the complaint "is in violation of Illinois Supreme Court Rule 113(b);" the promissory note is not hers.

¶ 22     On August 27, 2018, the trial court entered an order approving the report of sale and distribution, confirming the judicial sale, for possession, and for a personal deficiency judgment.

¶ 23     This appeal followed.

¶ 24                                    ANALYSIS

¶ 25     Defendant argues on appeal that plaintiff lacked standing to foreclose the subject property because plaintiff never attached the Note associated with the Mortgage on the property to its complaint. Defendant argues that the Note attached to plaintiff's complaint was not her Note, but, based on the Allonge, it was the note of someone named James Neukirch. Defendant states that without the Allonge the Note would be an unindorsed note. Defendant argues plaintiff's complaint violated Illinois Supreme Court Rule 113(b) (eff. May 1, 2013). "We review the circuit court's ruling on summary judgment *de novo*. *Deutsche Bank National Trust Co., as Trustee for FFMLT Tr. 2005-FF8, Mortgage Pass-through Certificates, Series 2006-FF8 v. Roongseang*, 2019 IL App (1st) 180948, ¶ 17. "The standard of review of a circuit court's approval of a judicial sale is an abuse of discretion." *Deutsche Bank National Trust Co. v. Iordanov*, 2016 IL App (1st) 152656, ¶ 31.

¶ 26     Plaintiff responds it established a *prima facie* case that it "held the note at the time of filing and possessed the right to foreclose on the mortgage" by attaching a copy of the Note and Mortgage to its complaint, and defendant failed to meet her burden to establish a lack of standing. Plaintiff argues that other than the "anomalous allonge" attached to the Note defendant failed to present any other evidence plaintiff lacked standing to foreclose and ignores the fact plaintiff attached copies of the Note and Mortgage to the complaint, attached the Assignment of

the Mortgage to plaintiff, and produced the Note in open court. Regardless, plaintiff argues that by virtue of its possession of the Note plaintiff is "a nonholder in possession of the instrument who has the rights of a holder" and thus standing to foreclose the Note and Mortgage.

¶ 27 Section 15-1504(a) of the Mortgage Foreclosure Law provides a form for a foreclosure complaint. "A foreclosure complaint need contain only such statements and requests called for by the form set forth in subsection (a) of Section 15-1504 as may be appropriate for the relief sought." 735 ILCS 5/15-1504 (West 2012). Section 15-1504(a) states, in part, the complaint should have "[a]ttached as Exhibit 'A' *** a copy of the mortgage and as Exhibit 'B' *** a copy of the note secured thereby." 735 ILCS 5/15-1504(a) (West 2012). Illinois Supreme Court Rule 113(b) reads as follows: "In addition to the documents listed in section 15-1504 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1504), a copy of the note, as it currently exists, including all indorsements and allonges, shall be attached to the mortgage foreclosure complaint at the time of Filing." Ill. S. Ct. R. 113(b) (eff. May 1, 2013). Thus, under the Mortgage Foreclosure Law and Rule 113(b), a complaint for foreclosure must have attached (1) a copy of the mortgage, and (2) a copy of the note, as it currently exists, including all indorsements and allonges. An indorsement is "[t]he placing of a signature, sometimes with an additional notation, on the back of a negotiable instrument to transfer or guarantee the instrument or to acknowledge payment." Black's Law Dictionary (11th ed. 2019). See also 810 ILCS 5/3-204 (West 2018) (defining indorsement).

> " 'Allonge' is defined in Black's Law Dictionary as [a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements. Former UCC § 3-202 required that indorsements be made on the instrument unless there was no

space—and only then could an allonge be used. Current UCC § 3-204(a) eliminates that requirement and provides that 'a paper affixed to the instrument is part of the instrument.' The UCC comment makes it clear that the allonge is valid even if space is available on the instrument. Black's Law Dictionary (10th ed. 2014)." *Olive Portfolio Alpha, LLC v. 116 W. Hubbard St., LLC*, 2017 IL App (1st) 160357, ¶ 5 n 1.[1]

¶ 28 The Note and Mortgage attached to plaintiff's complaint were for the subject property and were signed by defendant. Defendant does not dispute the authenticity of her signature on those documents or their references to the subject property. On this record we can find no violation of Rule 113(b). Defendant relies solely on the Allonge executed by a James Neukirch to argue the Note and Mortgage are not hers (presumably because the Allonge represents a transfer of the Note and Mortgage to Neukirch, but defendant never expressly states so). Plaintiff refers to the Allonge as an "anomalous allonge" and argued in the trial court that the UCC provides for such anomalous allonges. Section 3-205 of the UCC reads as follows: "(d) 'Anomalous indorsement' means an indorsement made by a person that is not the holder of the instrument. An anomalous indorsement does not affect the manner in which the instrument may be negotiated." 810 ILCS 5/3-205 (West 2018). We know from the record that plaintiff produced the Note in open court, the trial court examined the Note, and the trial court found plaintiff had standing to pursue its foreclosure complaint. The production of the original Note

---

[1] "A promissory note secured by a real estate mortgage is a 'negotiable instrument' under the Uniform Commercial Code (UCC), and therefore is an 'instrument' under the U.C.C. provision stating that the authenticity of signatures on instruments are admitted unless specifically denied in the pleadings." 11 Am. Jur. 2d Bills and Notes § 209, see also *Affronti v. Bodine*, 155 Ill. App. 3d 755, 757-58 (1987) ("[a] mortgage is a negotiable instrument").

means that James Neukirch was not a holder of the Note. Therefore, his Allonge is an anomalous indorsement and is insufficient to negotiate the Note. *Id.*, see also *PennyMac Corp. v. Frost*, 214 So. 3d 686, 689 (Fla. Dist. Ct. App. 2017) ("because JPMorgan was not a holder of the note, JPMorgan's indorsement was not a blank indorsement and did not negotiate the note").

¶ 29     As noted above, defendant astutely argues that absent the anomalous allonge, the Note is not indorsed. This, however, does not destroy plaintiff's standing to sue to foreclose the Note and Mortgage. "Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument." 810 ILCS 5/3-203(b) (West 2018). The comments to section 3-203(b) state as follows:

> "Subsection (b) states that transfer vests in the transferee any right of the transferor to enforce the instrument 'including any right as a holder in due course.' If the transferee is not a holder because the transferor did not indorse, the transferee is nevertheless a person entitled to enforce the instrument under Section 3-301 if the transferor was a holder at the time of transfer. Although the transferee is not a holder, under subsection (b) the transferee obtained the rights of the transferor as holder. *** Because the transferee is not a holder, there is no presumption under Section 3-308 that the transferee, by producing the instrument, is entitled to payment. The instrument, by its terms, is not payable to the transferee and the transferee must account for possession of the unindorsed instrument by proving the transaction through which the transferee acquired it.

Proof of a transfer to the transferee by a holder is proof that the transferee has acquired the rights of a holder. At that point the transferee is entitled to the presumption under Section 3-308." 810 ILCS 5/3-203, Committee Comments (West 2018).

In this case, plaintiff did "account for possession of the unindorsed instrument" by producing the Assignment of the Note to plaintiff. Therefore, plaintiff is entitled to enforce the Note and Mortgage. 810 ILCS 5/3-308 (West 2018), citing 810 ILCS 5/3-301 (West 2018) (defining "Person entitled to enforce instrument.").

¶ 30    Moreover, in *CitiMortgage v. Sconyers*, 2014 IL App (1st) 130023, ¶¶ 1, 10, the defendants argued the plaintiff in the foreclosure action did not produce a valid assignment of the note and, therefore, the plaintiff lacked standing to bring the claim. This court found that the defendants had overlooked that the plaintiff was "the actual holder of the note and the undisputed assignee of the mortgage." *Id.* ¶ 11. The court held "[the plaintiff] produced the original of the note in open court; it is, therefore, the holder of the note. *** [The plaintiff's] possession of the original note together with the assignment of the mortgage *** is *prima facie* proof that it is entitled to foreclose the note and mortgage. [Citation.]" *Id.* The court further held that once the plaintiff "established that it was the holder of the note, it was incumbent upon defendants to present evidence to support their defense that *** some person or entity other than [the plaintiff] had the right to enforce it." *Id.* ¶ 13. The *Sconyers* court held "[b]ecause the record lacks such evidence, the trial court properly granted summary judgment in favor of [the plaintiff.]" *Id.*

¶ 31    We reach the same conclusion in this case. Plaintiff produced the original Note in open court. Defendant does not dispute that fact. Plaintiff is, therefore, the holder of the Note. Defendant's reliance on the anomalous allonge is inadequate to her purpose. The Allonge may

go only to "the manner in which [plaintiff] acquired the note" ((Emphasis omitted.) *id.* ¶ 11) but that "does not affect its undisputed status as the holder" (*id.*). The record irrefutably establishes that the Note and Mortgage were signed by defendant and apply to the property at issue. Defendant was required to present evidence to support her contention that some other person other than plaintiff had the right to enforce the Note and Mortgage, and she failed to do so.

¶ 32    For all of the foregoing reasons, defendant's argument plaintiff did not have standing to sue to enforce the Note and foreclose the Mortgage fail.  See *Sconyers*, 2014 IL App (1st) 130023, ¶¶ 11-13; 810 ILCS 5/3-308 (West 2018), citing 810 ILCS 5/3-301 (West 2018) (defining "Person entitled to enforce instrument.").

¶ 33    We next turn to defendant's argument plaintiff wrongfully attempted to acquire two properties instead of one.  Defendant argues the foreclosure complaint "was not for [her] property located at 4921 South Washington Park Court" yet plaintiff acquired the property with that address in the judicial sale.  Plaintiff argues it only sought to acquire, and only did acquire, the property legally described in the Mortgage and in the foreclosure complaint, which does describe portions of two lots.  "An interested party seeking to oppose the judicial sale bears the burden of proving that sufficient grounds exist to disapprove of a judicial sale. [Citation.]  An abuse of discretion occurs when the circuit court's ruling is unreasonable, fanciful or arbitrary, or where no reasonable person would agree with the view of the circuit court." *Bayview Loan Servicing, LLC v. 2010 Real Estate Foreclosure, LLC*, 2013 IL App (1st) 120711, ¶ 32.  Based on the record, it appears the subject property is a divided multi-unit building.  The record contains photographs of the property and plaintiff's motion to confirm the judicial sale describes the subject property as a "Multi-Unit Residential" and states the property "may have a common door and hallways for access to illegal individual residential units."  Despite the fact this multi-

unit dwelling may be assigned two street addresses, defendant has pointed to nothing in the record to establish that plaintiff has acquired any additional property beyond that which it is entitled to. Defendant failed to meet her burden to establish an abuse of discretion. Accordingly, defendant's argument fails.

¶ 34                                  CONCLUSION

¶ 35     For the foregoing reasons, the circuit court of Cook County is affirmed.

¶ 36     Affirmed.